UNITED STATES of America

v.

FERNANDEZ, Carlos Eduardo.

**Appeal of Carlos Eduardo FERNANDEZ.**

No. 86–5139.

United States Court of Appeals, Third Circuit.

Argued Jan. 22, 1987.

Decided June 30, 1987.

---

4. *See* 42 U.S.C. § 254m(b)(5)(A) and (c).

Herald Price Fahringer (argued), Lipsitz, Green, Fahringer, Poll, Schuller & James, New York City, for appellant.

Louis M. Fischer (argued), Appellate Section, Criminal Division, Washington, D.C.,

Jerome A. Ballarotto, Paul B. Brickfield, Asst. U.S. Attys., D.N.J., Thomas W. Greelish, U.S. Atty., D.N.J., Donald J. Fay, Newark, N.J., for appellee.

Before SEITZ, BECKER, and MANSMANN, Circuit Judges.

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

This appeal arises from a final judgment of conviction of the appellant Carlos Fernandez for his participation in a conspiracy to import and distribute cocaine. Although Fernandez raises a number of contentions,[1] we are here primarily concerned with his arguments that conspiracies charged in violation of 21 U.S.C. §§ 846 and 963 may not also serve as predicate acts in the same indictment charging a violation of the continuing criminal enterprise statute, 21 U.S.C. § 848 ("CCE"), and his contention that telephone calls in violation of § 843(b) facilitating a § 846 conspiracy may not satisfy the series of violations requirement of § 848. In *United States v. Grayson*, 795 F.2d 278 (3d Cir.1986) *cert. denied,* —— U.S. ——, 107 S.Ct. 1899, 95 L.Ed.2d 505 (1987), we held that a prior conviction for a conspiracy offense may serve as a predicate act for a CCE offense. We hold now that a § 846 conspiracy may be considered by the jury as a predicate crime in the same indictment and under the same set of facts as a CCE charge under § 848. A violation of § 963 may constitute a predicate offense for a § 848 conviction as well. We hold too that telephone calls in violation of 21 U.S.C. § 843(b), made to facilitate a § 846 conspiracy, may satisfy the series of violations requirement of § 848. Accordingly, we will affirm the judgment of sentence.[2]

---

1. Fernandez also contends that: 1) he was denied his rights under Fed.R.Crim.P. 43 when he was briefly absent from trial due to a stomach virus, because that absence was not an intentional relinquishment of his right to be present at every portion of the trial, 2) permitting a detective involved in the investigation to testify as an expert on the use of code words by drug dealers deprived him of a fair trial, 3) the government's proofs established multiple conspiracies not subsidiary to the overall conspiracy charged, 4) the court failed to instruct the jurors adequately regarding the absence of codefendants who pled guilty during trial, and 5) two photographs were erroneously admitted into evidence. We find no merit in any of these contentions.

2. While there may be problems with the formal terms of the sentence, the matter was not raised before us and in all events it may be presented to the district court. See Fed.R.Crim.P. 35.

## II.

The offense of engaging in a continuing criminal enterprise is established in 21 U.S.C. § 848(a) and is defined in 21 U.S.C. § 848(d).[3] To establish guilt under this statute, the government must prove:

1) a felony violation of the federal narcotics law

2) as part of a continuing series of violations

3) in concert with five or more persons

4) for whom the defendant is an organizer or supervisor

5) from which he derives substantial income or resources.

*Grayson*, 795 F.2d at 283–84.

The appellant's primary contention is that the district court erred as a matter of law in charging the jury that the narcotics distribution conspiracy (§ 846) charged in Count I of the indictment could serve as the predicate, or felony violation, of the federal narcotics law (number 1 above) to support a conviction under the continuing criminal enterprise statute.

Fernandez argues that a § 848 conviction requires proof of violations "in concert" with five or more others, and is therefore in effect a conspiracy statute. Any proof of the "in concert" requirement would automatically include proof of any conspiracy charged under § 846. Fernandez thus contends that to allow the same conspiracy to satisfy the "in concert" requirement as well as the predicate felony offense would offend the structure and common sense interpretation of the statute. In so doing, the Congressional scheme requiring a series of violations in concert with five or more other persons would, according to Fernandez, be "short-circuited."

The government argues that the plain language of the statute permits the violation of "any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony," 21 U.S.C. § 848(b)(1), to be used as a predicate crime for a § 848 conviction. Since a § 846 conviction is a felony violation, the government asserts that it may therefore serve as the underlying offense for a § 848 conviction.

Because resolution of the issues in this case involve the interpretation and application of legal precepts, our standard of review is plenary. *See Grayson*, 795 F.2d 278; *United States v. Adams*, 759 F.2d 1099 (3d Cir.1985), *cert. denied*, 474 U.S. 971, 106 S.Ct. 336, 88 L.Ed.2d 321 (1985).

## III.

■ We do not believe that a § 846 conspiracy used as a predicate offense for a § 848 conviction collapses the elements of the CCE statute, nor denigrates the Congressional scheme. Our analysis begins with the language of the statute.

The statute provides, in clear language, that *any* felony violation of Subchapters I and II of Chapter 13 of Title 21 is an eligible predicate. There is no exclusionary or delimiting language as to § 846, § 963, or to any other felony. We note that there is no statutory requirement that to be utilized as a predicate offense, the felony must be the subject of a prior indictment, nor is there any prohibition against the felony being charged in the same indictment. We are therefore compelled to follow the plain statutory language in the absence of a clearly expressed legislative intent to the contrary. *See United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981). We have been unable to discover any legislative history directed to this specific issue,

---

3. The text reads in relevant part:

**§ 848. Continuing criminal enterprise**
(d) For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if—
　(1) he violates any provision of this subchapter or subchapter II of this chapter tne punishment for which is a felony, and

　(2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—
　(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
　(B) from which such person obtains substantial income or resources.

nor have the parties supplied any such references. We, therefore, examine the general purposes of the legislation.

Through the passage of the Comprehensive Drug Abuse, Prevention and Control Act of 1970, Congress clearly intended to create the separate criminal offense of a "continuing criminal enterprise." Described as the "King Pin" Statute, section 848 was aimed at those trafficking in prohibited drugs on a continuing, widespread, substantial and supervisory basis. *See, e.g., United States v. Johnson,* 575 F.2d 1347 (5th Cir.1978), *cert. denied,* 440 U.S. 907, 99 S.Ct. 1213, 59 L.Ed.2d 454 (1979); *United States v. Manfredi,* 488 F.2d 588 (2d Cir.1973), *cert. denied,* 417 U.S. 936, 94 S.Ct. 2651, 41 L.Ed.2d 240 (1974).

House Report No. 91–1444, 91st Cong.2d Sess. reprinted in 1970 U.S.Code Cong. & Admin.News, 4566, 4575–4576, indicates that the primary thrust of the bill was to control the illegal traffic in drugs with the full power of the federal government. Given this general philosophy, the approach of the bill was to provide severe criminal penalties for persons whose illicit manufacture or sale of controlled drugs was primarily for the profits to be derived therefrom. The criminal penalties for the manufacture, distribution or sale of drugs thus varies depending upon the danger of the drug *except* when a continuing criminal enterprise serves as the basis of the indictment. In that circumstance, the danger of the drug is not the basis of the penalty, but rather the inherent danger to society of the activity.

The purpose of § 848 is thus clearly different from other sections of the bill. Section 848 was designed to create the separate criminal offense of a "continuing criminal enterprise," punishable in addition to, and not as a substitute for, the predicate offenses. *See Garrett v. United States,* 471 U.S. 773, 785, 105 S.Ct. 2407, 2415, 85 L.Ed.2d 764 (1985). It is not merely a more grandiose or far-reaching conspiracy statute, as Fernandez' argument appears to suggest. As the Court noted in *Garrett,* "[i]t runs counter to common sense to infer ... that Congress intended to substitute the CCE offense for the underlying predicate offenses ... rather than to permit prosecution for CCE in addition to prosecution for the predicate offenses.... It would be illogical for Congress to have intended that prosecutors choose between the predicate offenses and the CCE offense in pursuing major drug dealers." *Id.* at 785. The purpose of the statute would be circumvented were we to agree with the appellant that a conspiracy offense may not be used as a predicate offense. Accordingly, we find no statutory limitation on the use of a § 846 conspiracy as a predicate offense charged in the same indictment as a CCE count.

Fernandez insists nevertheless that to permit the use of a § 846 conspiracy would "collapse" the elements of the CCE statute, in that one element of the requisite proof of a § 848 violation would then be missing. More specifically, Fernandez contends that since a narcotics conspiracy must always be proved to satisfy the "in concert" requirement of § 848(d)(2)(A), the same conspiracy may not be used as the felony violation required by § 848(d)(1) because this would in effect dispense with one element of the crime which the government must prove.

To allow a § 846 conspiracy to serve as a § 848 predicate offense, however, does not "collapse" the statutory scheme. Fernandez' argument presupposes that the original felony violation and the continuing series of violations are separate and distinct elements of the crime. The plain language of the statute makes it clear, however, that the elements are not completely separable, but overlap each other. Since the statute provides that the required felony violation must be one of a series of violations, an underlying conspiracy may serve as one of the series of violations required. *See United States v. Young,* 745 F.2d 733; *United States v. Ricks,* 802 F.2d 731 (4th Cir.1986); *United States v. Brantley,* 733 F.2d 1429 (11th Cir.1984), *cert. denied,* (470 U.S. 1006, 105 S.Ct. 1362, 84 L.Ed.2d 383 (1984); *United States v. Middleton,* 673 F.2d 31 (1st Cir.1982).

■ We also note parenthetically that there is no requirement that the government must prove each element of § 848 by distinct and independent proof. Absent any clear Congressional directive, we are unwilling to read such a limitation into the statute. *See United States v. Young*, 745 F.2d 733.

Finally, Fernandez contends that the statute requires that the continuing series of violations requires conduct by the defendant other than a verbal agreement, and that that conduct be undertaken in concert with five or more others. The district court erred, it is claimed, in charging that if the defendant and five or more other people were part of an agreement to commit violations of the federal drug laws the "five or more others" element of the statute would be satisfied, because such a charge would permit conviction on the basis of the defendant's participation in the agreement itself, rather than on the continuing series of violations undertaken by him.

This argument misconstrues both the charge to the jury and the requirements of the statute. The district court charged the jury that:

The third requirement is that the defendant committed these violations in concert with five or more other persons. This does not mean that five or more persons must have participated with the defendant in committing each violation of the continuing series, or even that five or more persons were involved in committing each violation of the continuing series, or even that five or more persons were involved in committing any one of the offenses that is part of a series of offenses constituting the continuing criminal enterprise.

Moreover, it is not required that all five persons were present at the same time or at the same place, and it is not required that the defendant had personal contact with each of the five or more persons.

... it is sufficient that the government proves beyond a reasonable doubt that, during the course of the commission of continuing series of violations, the defendant and five or more other people were part of an agreement to commit violations of the federal drug law.

If you determine that the defendants acted in concert with five or more persons when committing the series of violations, you must then turn to the fourth element of the offense.

■ We find that the district court's charge properly construes the statute. The numerosity requirement of § 848 does not require that the five people be under the defendant's supervision at the same moment nor in the conduct of the same underlying felony, but must be under the defendant's supervision in the conduct of the same continuing criminal enterprise. *See United States v. Rhodes*, 779 F.2d 1019 (4th Cir.1985) *cert. denied*, —— U.S. ——, 106 S.Ct. 2916, 91 L.Ed.2d 545 (1986). This reasoning reaffirms our belief that the elements of a § 848 violation are not discrete, but overlap each other to a considerable degree. As such, they are not "collapsed" in the manner put forth by Fernandez.

## IV.

Fernandez disputes as well the district court's charge that the use of a telephone to facilitate the § 846 conspiracy would constitute a violation of 21 U.S.C. § 843(b) [4] and satisfy the series of violations requirement of § 848. He makes two points in this regard. First, Fernandez argues that § 843(b) does not prohibit the use of a telephone to facilitate a narcotics *conspiracy*. Rather, he claims, it must be used to

---

4. Section 843(b) provides:

(b) It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For purposes of this subsection, the term "communication facility" means any and all public and private instrumentalities used or useful in the transmisson of writing, signs, signals, pictures, or sounds of all kinds and includes mail, telephone, wire, radio, and all other means of communication. 21 U.S.C. § 843(b).

cause or facilitate the commission of an *act* constituting a felony and not an inchoate crime. Second, he claims that the evidence as to these counts was insufficient to support his conviction.

 In this case Fernandez was charged in five counts of the indictment with knowingly using a telephone to facilitate the narcotics conspiracy, in violation of 21 U.S.C. § 843(b). The district court charged the jury that a felony under the narcotics laws includes violations of § 846—the conspiracy statute. In addition, the judge charged the essential elements of the telephone counts as:

> First: That on or about the date charged, the defendant used a telephone to facilitate the conspiracy to which the count refers; and

> Second: That the defendant did so knowingly and intentionally.

> Facilitate simply means "to make easy or less difficult."

Fernandez' argument thus turns upon the same point he presented as to the § 846 conspiracy. He argues that it is only the furtherance of the same conspiracy that was facilitated by the telephone calls, and thus their use as substantive felonies is erroneous. We find these contentions without merit. We reiterate our position that the CCE statute permits *any* felony violation to serve as a predicate offense. We note that § 843(b) clearly falls within this category. The CCE statute is not in any way diminished by allowing a "telephone count" to serve as a predicate. The other major elements of § 848 provide sufficient insurance for the use of that section to prosecute professional criminals trafficking in drugs. *See United States v. Young,* 745 F.2d at 755. We therefore find that telephone counts in aid of a conspiracy may serve as predicate offenses for a § 848 violation. *See also United States v. Head,* 755 F.2d 1486 (11th Cir.1985); *United States v. Young,* 745 F.2d 733, *United States v. Webster,* 639 F.2d 174 (4th Cir. 1981), *cert. denied,* 454 U.S. 857, 102 S.Ct. 307, 70 L.Ed.2d 152 (1981).

Fernandez also argues that the use of a telephone proscribed under § 843(b) is a felony only when the telephone is used to facilitate the commission of an overt act or substantive crime and not in furtherance of a conspiracy. We find this argument without merit. *See United States v. Thomas,* 586 F.2d 123 (9th Cir.1978), cf. *United States v. Adams,* 759 F.2d 1099, 1117 (5th Cir.1985).[5]

Fernandez contends as well that the evidence was insufficient to support his conviction on these counts. We must determine whether there is substantial evidence, viewed in the light most favorable to the government, to uphold the jury's decision. *United States v. Adams,* 759 F.2d at 1113.

Our review of the record indicates substantial evidence to support the jury's conclusion. The government witness testified as to the meaning of the coded language in the telephone calls and the jury could certainly have concluded that the circumspect nature of the calls was consistent with a conspiracy to consummate the cocaine transactions.

## V.

Accordingly, we will affirm the judgments of conviction of the district court.

---

5. In *United States v. Adams,* 759 F.2d 1099, 1117, we did not directly address the issue raised here. However, we upheld convictions under § 843(b) where the telephone was used in furtherance of a conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846.