849 F.2d 92
 The UNITED STATES
v.
David AGUILAR, Gary Austin, Norman Bennett, Frank C.
Boersig, Anastacio H. Cavazos (a/k/a Tacho), Larry Michael
Farber (a/k/a Mike), Norman Farber, Nora Juliao (a/k/a Nora
Jimeno, Cheryl Jimeno), John Robert Kelleher (a/k/a Irish),
Ray Lapoint, Robert Lee (a/k/a Bob Lee, Chinaman), Kenneth
Eugene Roberts, Ramon Sosa, John Spagnoli, Frank Torchia,
Jeff Wilson.
Appeal of Larry Michael FARBER.
 No. 87-3281.
 United States Court of Appeals,
Third Circuit.
 Argued Dec. 2, 1987.
Decided June 7, 1988.
Rehearing Denied Oct. 13, 1988.
 
 Thomas R. Ceraso (argued), Ceraso & Tarosky, Greenberg, Pa., for appellant.
 J. Alan Johnson, U.S. Atty., Constance M. Bowden (argued), Asst. U.S. Atty., W.D. Pa., Pittsburgh, Pa., for appellee.
 Before WEIS,* HIGGINBOTHAM and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 A. LEON HIGGINBOTHAM, Jr., Circuit Judge.
 
 
 1
 This appeal concerns the double jeopardy implications of a prior conspiracy conviction upon a subsequent continuing criminal enterprise ("CCE") charge that is based upon the defendant's same conduct during the same period of time. In July 1985, appellant pled guilty to conspiracy. One year later, he was indicted for, inter alia, conspiracy and engaging in a CCE. Although the two conspiracy indictments specified conduct during different time periods, the district court found that the government had arbitrarily assigned these differing dates to a single conspiracy. On this basis, the district court granted appellant's pretrial motion to dismiss the second conspiracy indictment on double jeopardy grounds. At the same time, however, the district court denied appellant's similar motion to dismiss the CCE count on double jeopardy grounds. We conclude that, because conspiracy is an offense that is included within the necessary elements of a CCE, appellant's motion to dismiss the CCE count should have been granted. Accordingly, we will reverse appellant's CCE conviction.
 
 I. BACKGROUND
 
 2
 From 1981 to 1985, appellant Larry Michael "Mike" Farber played a major role in a drug ring that purchased, transported and sold large quantities of cocaine and marijuana throughout the United States. In April 1985, a federal grand jury sitting in the Western District of Pennsylvania returned an indictment charging Farber and others with conspiring (1) to possess cocaine with intent to distribute it and (2) to distribute cocaine, in violation of 21 U.S.C. Sec. 846 (1982). According to the indictment, this drug conspiracy existed from on or about October 23, 1984 to on or about March 27, 1985. The indictment also charged Farber with two counts of possessing cocaine with intent to distribute it, in violation of 21 U.S.C. Sec. 841(a)(1) (1982), and with six counts of using the telephone to facilitate the conspiracy and the distribution and possession of cocaine charged in the other counts, in violation of 21 U.S.C. Sec. 843(b) (1982). On July 3, 1985, pursuant to an agreement with the government, Farber entered a plea of guilty to the conspiracy count and to two of the possession counts. For constitutional purposes, jeopardy attached at least by this point in time. Ricketts v. Adamson, --- U.S. ----, 107 S.Ct. 2680, 2685, 97 L.Ed.2d 1 (1987). Farber subsequently was sentenced to concurrent twenty-year prison terms on these three counts, to be followed by a ten-year special parole term.
 
 
 3
 In August 1986, a federal grand jury sitting in the Western District of Pennsylvania returned a second indictment charging Farber and others with conspiring (1) to possess cocaine with intent to distribute it and (2) to distribute cocaine, in violation of 21 U.S.C. Sec. 846. According to the indictment, this second conspiracy existed from in or around April 1981 to on or about October 18, 1984. In addition, the second indictment contained various other charges against Farber,[1] including one count of engaging in a CCE, in violation of 21 U.S.C. Sec. 848 (Supp. IV 1986) (recodification, with subsequent amendments) and 21 U.S.C. Sec. 853 (Supp. IV 1986). The CCE charge specified the time period from in or around April 1982 until on or around October 18, 1984.
 
 
 4
 Prior to trial, Farber moved to dismiss the conspiracy and CCE charges against him. See Fed.R.Crim.P. 12(b)(2). He argued that these counts were based upon the same conduct that had been the basis of his prior conspiracy conviction and sentence, thus violating the fifth amendment's guarantee that "no[ ] ... person [shall be] subject for the same offence to be twice put in jeopardy of life or limb...." U.S. Const. amend. V.
 
 
 5
 After hearing oral argument by the parties, the district court found as a factual matter, see Fed.R.Crim.P. 12(e), on the basis of a preponderance of the evidence, that "the conspiracy was not a separate conspiracy as advanced by the United States. Rather, it was part of a single conspiracy beginning in April of 1981 and ending on or about March 27, 1985." Joint Appendix of Appellants ("JA") at 456A. With regard to the differing time frames set forth in the two indictments, which was the only "distinct factor" that the United States offered to defend the second indictment against Farber's double jeopardy attack, id., the district court found "that the United States ... arbitrarily assigned these [different] dates to a single conspiracy." Id. The district court "readily admit[ted] ... that the United States did not know the scope of the single conspiracy when the [first] action was filed...." Id. It "also f[ou]nd as a fact that the United States acted with due diligence in determining the facts when th[e] evidence was available. However, successive trials and multiple prosecutions for the same crime is [sic] barred by the double jeopardy clause." Id. The district court, relying upon United States v. Felton, 753 F.2d 276, 278 (3d Cir.1985),[2] therefore dismissed the conspiracy count against Farber.[3] JA at 457A. As to the CCE, however, the district court denied Farber's motion to dismiss. It based this holding upon "United States versus Inmon, 568 F.2d 326 (3d Cir.1977) [ ("Inmon I" ) ], [which] teaches that each substantive count is a separate offense and is not barred by the double jeopardy clause."[4] JA at 458A.
 
 
 6
 Farber was tried and convicted by a jury on the surviving counts of the second indictment, which included the CCE charge. On April 9, 1987, the district court sentenced Farber on his CCE conviction to twenty-five years in prison, such sentence to run concurrently with the sentence he is currently serving.[5] JA at 2457A. On each of the fourteen cocaine-related counts for which Farber had been convicted, the district court imposed a twenty-five year prison sentence, such sentences to run concurrently to each other and to the concurrent prison sentence imposed for the CCE conviction, to be followed by a concurrent special parole term of fifteen years. Id. at 2457A-58A. Finally, on the marijuana-related possession count, the district court suspended the imposition of sentence against Farber. Id. at 2458A. On appeal, Farber challenges his CCE conviction on double jeopardy grounds.[6] Our standard of review on this legal question is plenary. E.g. Gillespie v. Ryan, 837 F.2d 628, 629 (3d Cir.1988).
 
 II. DOUBLE JEOPARDY ANALYSIS
 A. Governing Legal Principles
 
 7
 It is commonly recognized, as this Court recently noted, "that the double jeopardy clause serves three primary purposes. 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' " Gillespie, 837 F.2d at 630 (quoting North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). At the time Farber's double jeopardy attack on the CCE count was raised in the district court, the motion to dismiss the indictment concerned the second aspect of this constitutional guarantee, i.e., the protection against a second prosecution for the same offense after conviction. Since that time, Farber has been subjected to that second prosecution, convicted of engaging in a CCE and sentenced for that crime. Those intervening events, however, have not changed the thrust of his constitutional claim or converted this into a "multiple punishments" case. Cf. Abney v. United States, 431 U.S. 651, 659, 97 S.Ct. 2034, 2040, 52 L.Ed.2d 651 (1977) (once a defendant's pretrial motion to dismiss the indictment on double jeopardy grounds has been denied, "[t]here are simply no further steps that can be taken in the District Court to avoid the trial ") (emphases added); United States v. Sargent Elec. Co., 785 F.2d 1123, 1128 (3d Cir.) ("The standard of these aspects of double jeopardy is no different pretrial and posttrial."), cert. denied, --- U.S. ----, 107 S.Ct. 82, 93 L.Ed.2d 36 (1986). The legal question raised by this appeal, rather, is whether the government could charge Farber with engaging in a CCE after he had pled guilty to the first conspiracy charge against him. If it could not, the proper remedy at this point in time is to reverse his CCE conviction, and not simply to vacate the sentence he received for that conviction.[7]
 
 
 8
 Our analysis of Farber's double jeopardy challenge to his CCE conviction derives from the Supreme Court's constitutional analysis of convictions for greater and lesser included offenses. Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), is the leading instance where the double jeopardy clause's prohibition on successive prosecutions was applied to such convictions. The petitioner, Nathaniel Brown, had initially pled guilty to, served jail time and paid a fine for a state law misdemeanor, operating a motor vehicle without the owner's consent (i.e., joyriding). Thereafter, Brown was indicted, tried, convicted and sentenced for a state law felony, auto theft. His second conviction was affirmed by the state appellate court, notwithstanding its holding that " 'the crime of operating a motor vehicle without the consent of the owner is a lesser included offense of auto theft,' " id. at 163-64, 97 S.Ct. at 2224 (citation omitted), since the two indictments specified occurrences on different days. See id. at 164, 97 S.Ct. at 2224. The Supreme Court, accepting the state court's authoritative definition of the elements of the two crimes, held "that a lesser included and a greater offense are the same" for purposes of the double jeopardy clause. Id. at 166-67 n. 6, 97 S.Ct. at 2226 n. 6. The Court therefore, on constitutional grounds, reversed Brown's subsequent conviction and sentence for auto theft.
 
 
 9
 To reach this holding, the Court applied the Blockburger test, which is a venerable "standard for determining whether successive prosecutions impermissibly involve the same offense." Brown, 432 U.S. at 166 n. 6, 97 S.Ct. at 2226 n. 6; see generally United States v. Rosenberg, 806 F.2d 1169, 1183-85 (3d Cir.1986) (Higginbotham, J., dissenting in part), cert. denied, --- U.S. ----, 107 S.Ct. 2465, 95 L.Ed.2d 873 (1987). In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Court held that, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one[ ] is whether each provision requires proof of a fact which the other does not." Id. at 304, 52 S.Ct. at 182. Since, in Brown, the state appellate court had explicitly held that the auto theft felony consists of the joyriding misdemeanor plus the intent permanently to deprive the vehicle's owner of possession, see 432 U.S. at 167, 97 S.Ct. at 2226, the Supreme Court had little trouble determining that the joyriding charge did not require proof of any additional fact that was not required to prove an auto theft charge. Thus, under Blockburger, joyriding and auto theft were the same offense for purposes of the double jeopardy clause. See Illinois v. Vitale, 447 U.S. 410, 421, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228 (1980). This appeal raises a parallel legal question. Farber's claim, simply put, is that CCE consists of "conspiracy plus," which makes CCE and conspiracy the same offense under Blockburger and, under Brown, bars his subsequent prosecution for the greater offense.
 
 B. The Legal Relationship Between
 Conspiracy and CCE
 1.
 
 10
 We begin our analysis by setting forth elements of the crimes in question. CCE, which Farber claims is the greater offense, is comprised of five elements:
 
 
 11
 1) a felony violation of the federal narcotics law
 
 
 12
 2) as part of a continuing series of violations
 
 3) in concert with five or more persons
 
 13
 4) for whom the defendant is an organizer or supervisor
 
 
 14
 5) from which he [or she] derives substantial income or resources.
 
 
 15
 United States v. Fernandez, 822 F.2d 382, 384 (3d Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 450, 98 L.Ed.2d 391 (1987). Farber argues that CCE elements one (the narcotics felony) and three (in concert with others) define a lesser included offense: the conspiracy offense set forth in 21 U.S.C. Sec. 846.[8]
 
 
 16
 The Supreme Court has previously addressed this argument. In Jeffers v. United States, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), decided the same day as Brown, Justice Blackmun, writing for a plurality of the Court,[9]
 
 
 17
 assume[d], arguendo, that Sec. 848 does require proof of an agreement among the persons involved in the [CCE]. So construed, Sec. 846 is a lesser included offense of Sec. 848, because Sec. 848 requires proof of every fact necessary to show a violation under Sec. 846 as well as proof of several additional elements.
 
 
 18
 Id. at 149-50, 97 S.Ct. at 2215-16 (plurality opinion) (footnotes omitted). Although many courts have assumed otherwise, often relying on concessions to this effect by the government, we believe that Jeffers quite clearly did not hold conspiracy to be a lesser offense included within the greater crime of engaging in a CCE. Rather, as labeled, this was an assumption that the Court made for the purpose of advancing its argument. Unlike a typical judicial assumption arguendo, however, this one was based upon a detailed rationale, including a close reading of the two statutes in question and a survey of the relevant legislative history underlying the CCE provision. See id. at 147-49 & n. 14, 97 S.Ct. at 2214-15 & n. 14 (plurality opinion). In addition, various passages within Justice Blackmun's plurality opinion indicate that this assumption was not made in passing or ill-considered.[10] Finally, Justice Blackmun explicitly noted that, while his opinion for the plurality left the question open, the opinion filed by four other Justices was "based on the premise that it was beyond dispute that Secs. 846 and 848 were so related." Id. at 150 n. 15, 97 S.Ct. at 2215 n. 15 (plurality opinion); accord id. at 158-60, 97 S.Ct. at 2220-21 (Stevens, J., joined by Brennan, Stewart and Marshall, JJ., dissenting in part and concurring in the judgment in part).
 
 
 19
 We have previously criticized other appellate courts for unthinkingly citing Jeffers as holding that conspiracy is a lesser included offense within a CCE. See United States v. Gomberg, 715 F.2d 843, 850 n. 3 (3d Cir.1983), cert. denied sub nom. Spielvogel v. United States, 465 U.S. 1078, 104 S.Ct. 1439, 79 L.Ed.2d 760, and sub nom. Levy v. United States, 465 U.S. 1078, 104 S.Ct. 1440, 79 L.Ed.2d 760 (1984). In Gomberg, however, we evaluated the legal relationship between conspiracy and CCE only in the context of analyzing the legality of cumulative punishments for those two crimes. See 715 F.2d at 850. We did not assess whether conspiracy was a lesser included offense such that a subsequent CCE prosecution would be barred by the double jeopardy clause. In this appeal, which squarely presents the latter issue, we decide that the legal question that the Supreme Court left open in Jeffers must now be answered in Farber's favor. We base this decision on two factors: the plain language of the CCE statute and the legislative history thereto, which was set forth and analyzed in some detail by the Jeffers plurality. See 432 U.S. at 148-49 & n. 14, 97 S.Ct. at 2214-15 & n. 14. These factors make it apparent that the "in concert" and "narcotics felony" elements of a CCE also constitute a conspiracy offense under section 846. For purposes of double jeopardy analysis, in other words, in a case such as Farber's where the same activities were the basis of each crime, conspiracy is a lesser offense included within the greater crime of engaging in a continuing criminal enterprise.[11]
 
 
 20
 The government, in addition to arguing that conspiracy is not "conduct that is a necessary element of the more serious crime [of CCE]," Vitale, 447 U.S. at 420, 100 S.Ct. at 2267, maintains that Brown 's double jeopardy analysis of greater and lesser included offenses does not apply where the greater offense is a complex statutory crime such as CCE. This argument relies primarily upon Garrett v. United States, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985), where the Supreme Court held that a CCE prosecution, which occurred after a defendant had already been convicted for one of the predicate offenses to the CCE, did not violate the double jeopardy clause.
 
 
 21
 We conclude that Garrett does not support the government's argument. It is certainly true that Garrett 's statutory analysis "show[s] in the plainest way that Congress intended the CCE provision to be a separate criminal offense which was punishable in addition to, and not as a substitute for, the predicate offenses." 471 U.S. at 779, 105 S.Ct. at 2412; accord Fernandez, 822 F.2d at 385. This appeal, however, is not concerned with the double jeopardy clause's protection against multiple punishments for the same offense. The issue here, rather, is the protection against a second prosecution for the same offense after conviction. It is also true that Garrett "caution[s] against ready transposition of the 'lesser included offense' principles of double jeopardy from the classically simple situation presented in Brown to the multilayered conduct, both as to time and to place, involved in [a CCE] case." 471 U.S. at 789, 105 S.Ct. at 2416. What distinguishes Garrett from this appeal, however, is the pivotal fact that the predicate offenses at issue in that case were substantive, not conspiracy, crimes.[12] The Supreme Court explicitly emphasized this point in its concluding paragraph:
 
 
 22
 We have been required in the present case, as we were not in Jeffers, to consider the relationship between substantive predicate offenses and a CCE. We think here logic supports the conclusion, also indicated by the legislative history, that Congress intended separate punishments for the underlying substantive predicates and for the CCE offense.
 
 
 23
 Id. at 794-95, 105 S.Ct. at 2419 (emphases added). In addition, this appeal, like Brown and unlike Garrett, presents an instance where the district court found as a factual matter that "[t]he very same conduct" was the basis of the conspiracy count to which Farber pled guilty and the CCE count for which he was thereafter indicted and convicted. Therefore, because nothing in Garrett or in the legislative materials indicates that Congress meant to permit separate conspiracy and CCE prosecutions of a defendant in Farber's unique circumstances, we conclude "that the principles of finality and prevention of prosecutorial overreaching applied in Brown reach this case." Ohio v. Johnson, 467 U.S. 493, 501, 104 S.Ct. 2536, 2542, 81 L.Ed.2d 425 (1984).
 
 C. Due Diligence
 
 24
 The government makes an additional argument, one that is based upon the district court's explicit but undeveloped finding "that the United States acted with due diligence in determining the facts when th[e] evidence was available." JA at 456A, quoted supra page 6. It urges us--although it apparently did not urge the district court--to recognize an exception to Brown. The government claims, in effect, that it should not be faulted for prosecuting Farber twice because the facts necessary to charge Farber with engaging in a CCE had not been discovered, despite the government's exercise of due diligence, at the time he was charged with the lesser included offense of conspiracy.
 
 
 25
 The Supreme Court has suggested on several occasions that a "due diligence exception" to the rule established in Brown may exist. See, e.g., Garrett, 471 U.S. at 797, 105 S.Ct. at 2421 (O'Connor, J. concurring); Vitale, 447 U.S. at 420 n. 8, 100 S.Ct. at 2267 n. 8; Brown, 432 U.S. at 169 n. 7, 97 S.Ct. at 2227, n. 7; Jeffers, 432 U.S. at 152, 97 S.Ct. at 2217 (plurality opinion); cf. Adamson, 107 S.Ct. at 2685 (unspecified "special circumstances" exception). The Court has on no occasion, however, delineated the boundaries of that exception, or otherwise instructed as to its application. The government cites only one, and our research has located no other, instance in which a federal appellate court has employed such an exception to save a second prosecution for a lesser included offense from invalidation under the double jeopardy clause. See United States v. Stearns, 707 F.2d 391 (9th Cir.1983), cert. denied, 464 U.S. 1047, 104 S.Ct. 720, 79 L.Ed.2d 181 (1984).[13]
 
 
 26
 In the present case, however, we are compelled to conclude that the complexities of the claimed due diligence exception are not properly before us, and for that reason we must delay our construction of its scope and validity for a later occasion.
 
 
 27
 Whatever its legitimate application, the burden of proving the due diligence exception falls certainly upon the government. Our review of the record leads us to the conclusion that the government did not argue the exception in the context of the Sec. 848 count in the district court. There were allusions to due diligence in connection with the conspiracy counts, but the considerations regarding due diligence as to those counts differ from those that exist with regard to Sec. 848. Because the government did not raise the due diligence contention in the context of Sec. 848 to the district court, we cannot entertain that contention on this appeal. Cf. United States ex rel. Huisinga v. Commanding Officer, Armed Forces Examining and Entrance Station, Minneapolis, Minnesota, 446 F.2d 124 (8th Cir.1971) (reviewing court will not ordinarily rule on issues not properly presented or raised by government in trial court).[14]
 
 III. CONCLUSION
 
 28
 For the foregoing reasons, we will reverse appellant's CCE conviction. This matter will be remanded to the district court with instructions to dismiss the CCE count of the indictment.
 
 
 
 *
 The Honorable Joseph F. Weis, Jr., was an active judge at the time this appeal was argued and decided. He has now assumed senior judge status
 
 
 [1]
 The other charges against Farber included one count of possessing marijuana with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2 (1982), and eighteen counts of possessing cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1)
 
 
 [2]
 In Felton, we reversed the district court's denial of a defendant's pretrial motion to dismiss a drug conspiracy indictment on double jeopardy grounds. 753 F.2d at 281. In that case, as in this one,
 the government had the burden of proving the separate conspiracies by a preponderance of the evidence, or to demonstrate that it was more likely than not that there was more than one conspiracy.... Having elected to put in a thin case to prove separate conspiracies, the government bore the risk of failing to meet its burden.
 Id.; accord Gilmore v. Zimmerman, 793 F.2d 564, 570 (3d Cir.1986) ("Felton ... support[s] the proposition that a defendant whose first indictment is resolved by his [or her] guilty plea may not be tried for the same offense on a later indictment"), cert. denied, --- U.S. ----, 107 S.Ct. 459, 93 L.Ed.2d 405 (1986); cf. Brown v. Ohio, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977) ("The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units."); Braverman v. United States, 317 U.S. 49, 52, 63 S.Ct. 99, 101, 87 L.Ed. 23 (1942) ("a single agreement to commit an offense does not become several conspiracies because it continues over a period of time").
 
 
 [3]
 Although it could have done so, the government took no appeal from the district court's dismissal of the second indictment's conspiracy count against Farber. See 18 U.S.C. Sec. 3731 (Supp. IV 1986); Serfass v. United States, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975), aff'g 492 F.2d 388 (3d Cir.1974); United States v. Sargent Elec. Co., 785 F.2d 1123, 1124 (3d Cir.), cert. denied, --- U.S. ----, 107 S.Ct. 82, 93 L.Ed.2d 36 (1986)
 
 
 [4]
 Although Inmon I was a double jeopardy case, it is not relevant to the issue before us. When the district court cited Inmon I, it apparently was referring to the final paragraph of the opinion, where this Court held that a prior guilty plea to one conspiracy count and one distribution of heroin count had not placed the defendant in jeopardy for drug possession and unlawful use of a communication facility "on different occasions." 568 F.2d at 333. This aspect of the Inmon I decision, however, was based solely upon the language of the second indictment. See id. ("Each of the twenty substantive counts in the second indictment alleges a separate offense."). It was, in other words, a wholly factual holding that has no bearing on the legal relationship between CCE and conspiracy charges. The other aspect of Inmon I is explained by the vast bulk of the opinion, which is devoted to establishing and applying the principle
 that, when a defendant has made a non-frivolous showing that a second indictment is for the same offense for which he [or she] was formerly in jeopardy, the government must prove by a preponderance of the evidence that there were in fact separate offenses before the defendant may be subjected to trial.
 Id. at 332. This issue (the government's evidentiary burden in opposing a pretrial motion to dismiss an indictment on double jeopardy grounds) is also not at issue in this appeal.
 
 
 [5]
 Although the record before us is incomplete, the transcript of Farber's April 1987 sentencing proceeding in the district court seems to indicate that he, in addition to the sentence he received when he pled guilty to conspiracy and possession counts in 1985, was also at that time serving a prison sentence that was imposed in an earlier, unrelated prosecution. See JA at 2457A. We have no information that indicates whether Farber is still serving that earlier sentence, and such information is irrelevant to our adjudication of this appeal
 
 
 [6]
 Under Inmon I, Farber could have taken an appeal from the district court's denial of his pretrial motion to dismiss the CCE count. See 568 F.2d at 328 (denying government's motion to dismiss appeal as interlocutory, "since pretrial orders rejecting claims of former jeopardy are final decisions within the meaning of 28 U.S.C. Sec. 1291") (citing Abney v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977)); accord Illinois v. Vitale, 447 U.S. 410, 426-27, 100 S.Ct. 2260, 2270-71, 65 L.Ed.2d 228 (1980) (Stevens, J., joined by Brennan, Stewart and Marshall, JJ., dissenting); United States v. Liotard, 817 F.2d 1074, 1077 & n. 4 (3d Cir.1987); United States v. DiSilvio, 520 F.2d 247, 248 n. 2a (3d Cir.), cert. denied, 423 U.S. 1015, 96 S.Ct. 447, 46 L.Ed.2d 386 (1975); cf. United States v. Leppo, 634 F.2d 101, 105 (3d Cir.1980) (such an appeal "does not divest the district court of jurisdiction to proceed with trial, if the district court has found the motion to be frivolous and supported its conclusion by written findings;" both courts have jurisdiction to proceed). His failure to do so, however, has no implication for our jurisdiction over his appeal from a final judgment of conviction and sentence. See Abney, 431 U.S. at 660, 97 S.Ct. at 2041 ("To be sure, the Double Jeopardy Clause protects an individual against being twice convicted for the same crime, and that aspect of the right can be fully vindicated on an appeal following final judgment....")
 
 
 [7]
 Cf. Jeffers v. United States, 432 U.S. 137, 151 n. 18, 97 S.Ct. 2207, 2216 n. 18, 53 L.Ed.2d 168 (1977) (plurality opinion) ("Any adjustment in punishment for the fact that the defendant already has been punished for the lesser offense is not adequate to cure the injury suffered because of multiple prosecutions, since the double jeopardy problem inheres in the very fact of a second trial for the 'same' offense.")
 
 
 [8]
 Section 846 criminalizes the conduct of "[a]ny person who ... conspires to commit any offense defined in this subchapter...." 21 U.S.C. Sec. 846
 
 
 [9]
 His opinion was joined by Chief Justice Burger, Justice Powell and then Justice Rehnquist. Justice White provided the fifth vote to uphold the CCE conviction of a petitioner who previously had been convicted of conspiracy. Justices Stevens, Brennan, Stewart and Marshall dissented from the affirmance of the CCE conviction, but they joined the plurality's judgment vacating cumulative fines that had been imposed for the two convictions. Justice White dissented from this aspect of the judgment
 
 
 [10]
 See, e.g., Jeffers, 432 U.S. at 157, 97 S.Ct. at 2219 (plurality opinion) ("[T]he reason for separate penalties for conspiracies lies in the additional dangers posed by concerted activity. Section 848, however, already expressly prohibits this kind of conduct.") (emphases added); id. at 153, 97 S.Ct. at 2217-18 ("If the two charges had been tried in one proceeding, it appears that petitioner would have been entitled to a lesser included-offense instruction.") (emphases added); id. at 152-53 n. 20, 97 S.Ct. at 2217 n. 20 ("[B]efore this case it was by no means settled law that Sec. 846 was a lesser included offense of Sec. 848.... Even now, it has not been necessary to settle that issue definitively.") (emphases added); id. at 145 n. 11, 97 S.Ct. at 2213 n. 11 (noting "the conceptual closeness of the two statutes"); id. at 144 n. 9, 97 S.Ct. at 2213 n. 9 (Although a pretrial government memorandum "appear[ed] to concede that Sec. 846 is a lesser included offense[,] ... [the Court found i]t ... unnecessary for present purposes to rely on any such concession.")
 
 
 [11]
 This holding is consistent with the law in every other federal Circuit that has addressed the issue. See, e.g., United States v. Smith, 703 F.2d 627, 628 (D.C.Cir.1983) (per curiam ); United States v. Benevento, 836 F.2d 60, 73 (2d Cir.1987); United States v. Raimondo, 721 F.2d 476, 477 (4th Cir.1983) (per curiam ), cert. denied sub nom. Bello v. United States, 469 U.S. 837, 105 S.Ct. 133, 83 L.Ed.2d 74 (1984); United States v. Michel, 588 F.2d 986, 1001 (5th Cir.), cert. denied, 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979); United States v. Schuster, 769 F.2d 337, 341 (6th Cir.1985), cert. denied, 475 U.S. 1021, 106 S.Ct. 1210, 89 L.Ed.2d 322 (1986); United States v. Jefferson, 714 F.2d 689, 705 (7th Cir.1983), vacated and remanded, 474 U.S. 806, 106 S.Ct. 41, 88 L.Ed.2d 34 (1985); United States v. Grubbs, 829 F.2d 18, 19 (8th Cir.1987) (per curiam ); United States v. Burt, 765 F.2d 1364, 1368 (9th Cir.1985); United States v. Stallings, 810 F.2d 973, 974-75 (10th Cir.1987); United States v. Cruz, 805 F.2d 1464, 1479 (11th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 1631, 95 L.Ed.2d 204, and sub nom. Thomas v. United States, --- U.S. ----, 107 S.Ct. 3215, 96 L.Ed.2d 702 (1987); accord 8A J. Moore & M. Waxner, Moore's Federal Practice p 29.08, at 29-65 (Mar. 1988 rev.); see also United States v. Grayson, 795 F.2d 278, 284 (3d Cir.1986) ("The [CCE] statute requires an agreement in a design or plan as well as concerted activity.") (citing Jeffers, 432 U.S. at 148-49, 97 S.Ct. at 2214-15) (dictum), cert. denied, --- U.S. ----, 107 S.Ct. 1899, 95 L.Ed.2d 505, and sub nom. Robinson v. United States, --- U.S. ----, 107 S.Ct. 927, 93 L.Ed.2d 978 (1987)
 
 
 [12]
 Garrett was not, in other words, a prosecution where conspiracy was charged twice--once as a crime in itself and, under the same set of facts, once as part of the continuing series of violations necessary to make out the crime of CCE. See generally Fernandez, 822 F.2d 382
 
 
 [13]
 We note that in two other instances, federal courts of appeals appear to have presumed the validity of the due diligence exception, however, the decisions that those courts reached did not rely upon application of the exception. See United States v. Boldin, 772 F.2d 719, 732 (11th Cir.1985); United States v. Stricklin, 591 F.2d 1112, 1124, n. 5 (5th Cir.1979)
 
 
 [14]
 The government, in a novel attempt ultimately to save Farber's CCE conviction from invalidation on double jeopardy grounds, asserts that we should vacate only the CCE sentence. The government claims that this would permit the district court, on remand, to vacate Farber's initial sentence for conspiracy and to impose a general sentence for the CCE and conspiracy convictions, up to the maximum sentence authorized by the CCE statute. This argument relies, in part, on the coincidental fact that the same district judge who imposed Farber's CCE sentence previously imposed sentence when Farber pled guilty to the first conspiracy charge. The double jeopardy problems raised by multiple punishments would always disappear, of course, if courts could enter judgments that would somehow make the initial attachment of jeopardy go away. We will not address this interesting argument directly, since double jeopardy attached at the time Farber's CCE prosecution began, and not merely when he was sentenced for that crime. We do note, however, that Farber's conspiracy sentence would not be before the district court on remand from this Court, since it is not part of the judgment that Farber has appealed
 Because we will reverse on double jeopardy grounds Farber's CCE conviction, there is also no need for us to address his alternative contention that the district court's imposition of a separate sentence on that conviction was an unconstitutional multiple punishment under the fifth amendment. Cf. generally United States v. Aguilar (Norman Farber), 843 F.2d 735 (3d Cir.1988) (per curiam ) (where defendant is convicted of conspiracy and CCE in one trial, district court must impose one general sentence, not separate sentences).