**UNITED STATES of America**

v.

**Carlos Eduardo FERNANDEZ.**

**Appeal of Carlos FERNANDEZ.**

No. 90–5439.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule 12(6)
Oct. 9, 1990.

Decided Oct. 18, 1990.

Martin L. Schmukler, New York City, for appellant.

Michael Chertoff, U.S. Atty., Edna Ball Axelrod, Chief, Appeals Div., Eric L. Muller, Asst. U.S. Atty., for appellee.

Before GREENBERG, HUTCHINSON, and COWEN, Circuit Judges.

OPINION

GREENBERG, Circuit Judge.

This matter is before the court on an appeal by Carlos Fernandez from an order dated May 21, 1990, and entered May 24, 1990, in this criminal case. The circumstances leading to this appeal are as follows.

At a jury trial in 1985 Fernandez was convicted of: (1) conspiracy to distribute and possess cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), count 1; (2) conspiracy to import cocaine, 21 U.S.C. § 952(a), count 2; (3) knowingly engaging in a continuing criminal enterprise, 21 U.S.C. § 848, count 3; and (4) knowingly using a telephone in facilitating the conspiracy to distribute cocaine, 21 U.S.C. § 843(b), counts 10, 11, 12, 19, and 27. He was sentenced to a term of imprisonment of 40 years and was fined $100,000 on count 3, the continuing criminal enterprise count and to a concurrent term of imprisonment of 20 years on count 1 involving conspiracy. On count 2, the other conspiracy count, he was sentenced to a term of imprisonment of 20 years concurrent with the sentence on count 3 but consecutive to the sentence on count 1. In addition, Fernandez was fined $100,000 on counts 1 and 2. On each of the five telephone counts he was sentenced to terms of imprisonment of four years, consecutive to each other but concurrent with the other sentences. Effectively, therefore Fernandez received a term of imprisonment of 40 years and a $300,000 fine.

Fernandez appealed and we affirmed the judgment, though we indicated that "there may be problems with the formal terms of the sentence, [but] the matter was not

raised before us and in all events it may be presented to the District Court. See Fed. R.Crim.P. 35." *United States v. Fernandez*, 822 F.2d 382, 383 n. 2 (3d Cir.), *cert. denied*, 484 U.S. 963, 108 S.Ct. 450, 98 L.Ed.2d 391 (1987). Thereafter Fernandez filed a motion in the district court "to strike the convictions and sentences imposed as to count one and count two" under Fed.R.Crim.P. 35(a) on the ground that under *United States v. Aguilar*, 849 F.2d 92 (3d Cir.1988), the conspiracies charged were lesser included offenses within the continuing criminal enterprise. The district court in an unreported opinion filed March 12, 1990, denied the motion, distinguishing *Aguilar* on the basis that that case dealt with the double jeopardy claim in a successive prosecution context and in this case the only concern was with a multiple punishment problem. Accordingly, following *United States v. Gomberg*, 715 F.2d 843, 851–52 (3d Cir.1983), *cert. denied*, 465 U.S. 1078, 104 S.Ct. 1440, 79 L.Ed.2d 760 (1984), the court indicated that it would impose a general sentence on all three counts not to exceed the punishment available on the most serious offense, the continuing criminal enterprise count.

On April 30, 1990, Fernandez, through an attorney who had not represented him at trial, wrote the court and requested that it obtain an "updated probation report." In the letter he set forth that there were no expressions of contrition in Fernandez's original sentencing proceedings because of the "siege mentality in his defense." The court did not obtain the updated report.

Fernandez was resentenced on May 14, 1990. At that time his attorney urged that Fernandez be given a shorter sentence than originally imposed, pointing out that his institutional adjustment had been good. He asked that there be a "full-scale institutional evaluation." The court, however, regarded this adjustment as more germane to parole than resentencing and indicated that it was "going to sentence on the basis of the facts, the record and the situation as it existed at the time of the original sentence." It then imposed a general sentence of a term of imprisonment of 40 years on counts 1, 2 and 3 with a single $100,000

fine. The sentences previously imposed on the telephone counts were reimposed, to be concurrent to the general sentence. The appeal followed.

Fernandez raises two issues on this appeal. First he contends that the court erred in not vacating the sentences on counts 1 and 2, concerning the conspiracies, as, in his view, "the double-jeopardy proscription" and the due process clause of the Fifth Amendment preclude "cumulative punishment" for the continuing criminal enterprise and the predicate offenses. Second he urges that the court erred in not obtaining a revised, current presentence report. While Fernandez asserts that we should exercise plenary review on both issues, and we agree with respect to his vacation contention as it implicates the interpretation and application of legal precepts, *see United States v. Fernandez*, 822 F.2d at 384, we review the court's determination not to obtain a new presentence report under an abuse of discretion standard. *See Government of the Virgin Islands v. Gereau*, 502 F.2d 914, 936 (3d Cir.1974), *cert. denied*, 420 U.S. 909, 95 S.Ct. 829, 42 L.Ed.2d 839 (1975).

Fernandez concedes that the district court in resentencing followed the procedure specified in *United States v. Gomberg*, 715 F.2d at 851–52. He nevertheless urges that we vacate the convictions on counts 1 and 2 as he regards *Gomberg* as overruled to the extent germane here by *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985). In *Ball* a previously convicted felon was convicted and sentenced both for receiving a firearm shipped in interstate commerce and possessing the same firearm in violation, respectively, of 18 U.S.C. § 922(h)(1) and 18 U.S.C. App. § 1202(a)(1). The Supreme Court held that only one of the convictions could stand because "proof of illegal receipt of a firearm *necessarily* includes proof of illegal possession of that weapon." 470 U.S. at 862, 105 S.Ct. at 1672. Thus, the sections were "overlapping statutes" which Congress had not " 'directed to separate evils.' " *Id.* at 864, 105 S.Ct. at 1673. But the Court quite clearly emphasized

that it reached its result because it considered that Congress did not intend both convictions to stand and it was thus carrying out Congressional intent. *Id.* at 864, 105 S.Ct. at 1673.

We had occasion to consider *Ball* in *United States v. Grayson*, 795 F.2d 278, 288 (3d Cir.1986), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 927, 93 L.Ed.2d 978 (1987). Insofar as significant here, in *Grayson* the defendant was first convicted and sentenced for a drug conspiracy under 21 U.S.C. § 846 and was later convicted of engaging in a continuing criminal enterprise under 21 U.S.C. § 848. The conspiracy was a predicate to the continuing criminal enterprise. We held that the defendant's sentence for the continuing criminal enterprise could not stand, though the conviction itself could. We consider *Grayson* to be controlling. Unlike the situation in *Ball* in which discrete statutes were not directed to separate evils, the narcotics conspiracy statutes of which Fernandez was convicted and the continuing criminal enterprise statute have different purposes. While the conspiracy statutes punish illegal agreements to import and to distribute and possess cocaine with intent to distribute, the continuing criminal enterprise statute provides for punishment of persons "trafficking in prohibited drugs on a continuing, widespread substantial and supervisory basis." *United States v. Fernandez*, 822 F.2d at 384. There is simply no indication in the statutes or any legislative history of which we are aware that Congress did not intend to permit separate convictions to stand for the conspiracy and continuing criminal enterprise offenses.[1]

We realize that *Grayson* involved successive prosecutions and that Fernandez was convicted of the conspiracy and continuing criminal enterprise charges at one trial. But we do not see why that matters. There is no reason to conclude that the intent of Congress to allow separate convictions for these offenses to stand is dependent on the time of the indictment, trial, or convictions. Furthermore, in considering Fernandez's vacation argument it is impor-

tant to recall the values underlying the double jeopardy protections. As we explained in *United States v. Aguilar*, 849 F.2d at 96, "[i]t is commonly recognized, as this Court recently noted, 'that the double jeopardy clause serves three primary purposes. "It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." ' " (Omitting citations.) None of these values are offended by allowing the three convictions to stand inasmuch as only a single punishment, not greater than that allowed by law for the most serious offense, was imposed following a single trial. *See also Government of the Virgin Islands v. Brathwaite*, 782 F.2d 399, 407–08 (3d Cir.1986).

Fernandez attempts to distinguish *Gomberg* on the ground that it is not necessary to retain the convictions on counts 1 and 2 because, unlike the situation in which a court is sentencing after trial in the realization that a reversal is possible on one or more counts, his convictions were affirmed on the three counts prior to resentencing. Thus, he argues that "there is no risk that [he] may avoid all punishment for his crimes by gaining a reversal on the single conviction on the compound offense if he has already had his convictions on the less inclusive counts vacated in the lower court." Brief at 13. The inference to be drawn from this argument is that the convictions on counts 1 and 2 now are meaningless.

The difficulty with the argument is manifest. Initially we observe that if Fernandez is correct on this point then he is wasting his time, or at least that of his attorney, in advancing his contention that the convictions on counts 1 and 2 should be vacated. In fact, however, we cannot be certain that the convictions on those counts can never be significant. While the circumstance that we have affirmed the conviction on count 3 makes it unlikely that the government will ever have to rely on the convictions on counts 1 and 2 to justify

---

1. *See United States v. Fernandez*, 822 F.2d at 384–85.

Fernandez's incarceration, in view of the possibility of relief under 28 U.S.C. § 2255 on grounds that might not now even be contemplated we cannot be so bold as to assert that it can never happen. Furthermore, it is possible that there may be collateral consequences from the entry of the judgments of conviction on all three counts from which Fernandez need not be shielded by double jeopardy principles as Congress intended that predicate conspiracy and continuing criminal enterprise convictions may stand. While the Supreme Court in *Ball* was also concerned with collateral consequences and pointed out that the conviction itself could have adverse effects, this was in the context of its conclusion that Congress did not intend both convictions to stand. *Ball v. United States,* 470 U.S. at 864–65, 105 S.Ct. at 1673.

In reality Fernandez's argument that the affirmance of his convictions on direct appeal entitles him to a vacation of the judgments on counts 1 and 2 proves too much. Surely if he is correct then any defendant convicted on multiple counts but sentenced generally on all of them is entitled to have the convictions vacated on the included counts if his convictions and the sentence are first affirmed on direct appeal. We see no reason why the circumstance that Fernandez had a substantial basis to make a motion under Rule 35(a) on grounds other than a claim of entitlement to a vacation of his convictions, justifies awarding him additional relief which would otherwise not have been available.

We realize that it is possible to combine the convictions themselves without vacating those on the lesser counts and then impose a single sentence. *See United States v. Aiello,* 771 F.2d 621, 632–35 (2d Cir.1985). The *Aiello* court thought that necessary so that the defendant does not suffer from collateral consequences from having the judgment of conviction on the lesser count remain. We, however, do not understand why, if Congress intended both convictions to stand, that we should be

concerned with the collateral consequences of the conviction for the lesser offense. The only reason for concern would seem to be that the collateral consequences could be regarded as an additional punishment, somehow precluded by double jeopardy considerations, for certainly the conviction for the lesser offense in itself is not a collateral consequence. But collateral consequences following convictions are not additional punishments over and above those imposed at the time of sentencing and thus such consequences are not barred by the imposition of the original punishment. *See, e.g., Emory v. Texas State Bd. of Medical Examiners,* 748 F.2d 1023, 1026 (5th Cir. 1984); *LeTourneur v. Immigration and Naturalization Service,* 538 F.2d 1368, 1370 (9th Cir.1976), *cert. denied,* 429 U.S. 1044, 97 S.Ct. 748, 50 L.Ed.2d 757 (1977). *See also Helvering v. Mitchell,* 303 U.S. 391, 399, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938). It inexorably follows that if there may be collateral consequences after sentencing from a conviction for a single offense, the double jeopardy clause is not violated if the same consequences follow from a conviction for a predicate or lesser offense which, though combined with a greater offense for sentencing, is permitted to stand.

We recognize that the Court of Appeals for the Ninth Circuit in *United States v. Hernandez–Escarsega,* 886 F.2d 1560, 1582 (9th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 3237, 111 L.Ed.2d 748 (1990), also has reached a result different than *Gomberg* and different from *Aiello* as well. The court indicated that "[i]t is clear from *Jeffers*[2] that Congress did not intend to allow cumulative punishment for violations of section 846 conspiracies and the greater offense of a section 848 CCE violation. The remedy required is for the district court to vacate the convictions under Counts One and Two for the conspiracies in violation of section 846." 886 F.2d at 1582 (omitting citation). We do not understand

---

**2.** The court was referring to *Jeffers v. United States,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), which it considered along with *Garrett v. United States,* 471 U.S. 773, 105 S.Ct.

2407, 85 L.Ed.2d 764 (1985). We considered *Jeffers* and *Garrett* in *United States v. Grayson,* 795 F.2d at 287–88.

why the second sentence follows from the first. If there is only one sentence and it is within the statutory limits for punishment for the more serious offense then there is not a cumulative punishment. It seems to us that the remedy afforded the defendant in *Hernandez–Escarsega* frustrates the Congressional intent and is surely not required by the double jeopardy clause.[3]

■ The final issue relates to the request for a new presentence report. The matter was before the district court on Fernandez's motion under Rule 35(a) to correct an illegal sentence.[4] The district court indicated that "I'm going to sentence on the basis of the facts, the record and the situation as it existed at the time of the original sentence." App. at 43. Thus, even assuming the very doubtful proposition that on a resentencing under Rule 35(a), Fed.R.Crim.P. 32(c)(1) relating to presentence investigations is applicable, the district court did not abuse its discretion in not obtaining a new presentence report.[5] There was a presentence report at the original sentencing, and thus "the record [had] information sufficient to enable the meaningful exercise of sentencing discretion," Rule 32(c)(1), and the court, as required under that rule, by indicating that it was sentencing on the basis of the circumstances as they existed at the time of the original sentencing explained why a new report was not needed.

The order of May 24, 1990, will be affirmed.

**3.** The *Hernandez–Escarsega* court thought that *Ball* "require[d] vacation of the convictions," 886 F.2d at 1582 n. 14. For the reasons we have already explained, we do not.

**4.** We are using the versions of Rules 32(c)(1) and 35(a) applicable to offenses committed prior to November 1, 1987.

**5.** It should be noted that it was not unusual that an additional presentence report was not obtained for a resentencing. *See United States v. Cannistraro,* 734 F.Supp. 1110, 1120 (D.N.J. 1990).