**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Dale SMITH, and Julius Chris Fisherman, Defendants-Appellants.**

**Nos. 81–1441, 81–1442.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 1982.

Decided Oct. 22, 1982.

---

Sandra Gillies, Asst. Federal Defender, Sacramento, Cal., for Smith.

Harvey E. Byron, Los Angeles, Cal., argued, for Fisherman; Ernest F. Winters, Sacramento, Cal., on brief.

John C. Gibbons, Asst. U.S. Atty., San Francisco, Cal., for United States.

Before MERRILL, Senior Circuit Judge, KASHIWA,* Associate Judge, and WALLACE, Circuit Judge.

MERRILL, Circuit Judge:

Appellants Smith and Fisherman, along with many others, were indicted for conspiracy to violate 21 U.S.C. § 846, 21 U.S.C. § 848 and for possession and distribution of a controlled substance (heroin) in violation of 21 U.S.C. §§ 841(a)(1), 845(a). The indictment named over 20 co-defendants and a large group of unindicted co-conspirators as participants in a massive heroin importation and distribution conspiracy throughout California, Canada, Thailand and China. The jury found Fisherman guilty of conspiracy as charged, and found Smith guilty on 6 counts of the 15-count indictment, including Count I, the conspiracy count. Upon these consolidated appeals many errors are assigned by both appellants, with two of which this opinion deals.

1. Smith was found guilty of "continuing criminal enterprise" under 21 U.S.C. § 848. Subsection (a)(1) of that section makes it a criminal offense to engage in a continuing criminal enterprise. Subsection (b) then provides:

> (b) For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if—
>
>> (1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and
>>
>> (2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—
>>
>>> (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and
>>>
>>> (B) from which such person obtains substantial income or resources.

The only dispute presented relates to the requirement that the series of violations be undertaken "in concert with five or more other persons." It is clear that Smith acted in concert with many more than five persons throughout the course of the conspiracy. The government contends that this is all that is required. Smith, however, contends that the government must show that he directly supervised five people for each of the acts embodying the continuing series of violations. He points out that four of the substantive counts of the indictment involved less than five people.

Courts considering the question have rejected Smith's contention. For example, in *United States v. Sperling*, 506 F.2d 1323, 1344 (2d Cir. 1974), *cert. denied*, 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439, 421 U.S. 949, 95 S.Ct. 1682, 44 L.Ed.2d 103 (1975), the court stated:

> Circuit, sitting by designation.

---

* Honorable Shiro Kashiwa, Circuit Judge, United States Court of Appeals for the Federal

Sperling further argues that the evidence was insufficient to convict him under § 848 because it failed to show that five or more people were working in his narcotics business at the same moment. This argument misconstrues the statute. No such proof is required. As to this element of the offense, the statute requires only that the person charged must have been acting "in concert with five or more other persons" and as to them that he occupied "a position of organizer, a supervisory position, or any other position of management".

To the same effect: *United States v. Mannino*, 635 F.2d 110, 116–17 (2d Cir. 1980); *United States v. Barnes*, 604 F.2d 121, 157 (2d Cir. 1979), *cert. denied*, 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 260 (1980); *United States v. Michel*, 588 F.2d 986, 1000 n.14 (5th Cir.), *cert. denied*, 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979); *United States v. Bolts*, 558 F.2d 316, 320–21 (5th Cir. 1977), *cert. denied*, 434 U.S. 930, 98 S.Ct. 417, 54 L.Ed.2d 290 (1977), 439 U.S. 898, 99 S.Ct. 262, 58 L.Ed.2d 246 (1978).

We agree with these courts that it is not necessary for the government to show that the organizer worked with five or more persons at the same moment and reject Smith's contention.

■ 2. Smith contends and the government concedes that Smith's conviction for conspiracy under 21 U.S.C. § 846 and for continuing criminal enterprise under 21 U.S.C. § 848 violates the double jeopardy clause under *Jeffers v. United States*, 432 U.S. 137, 147, 97 S.Ct. 2207, 2214, 53 L.Ed.2d 168 (1977). Judgment must then be reversed as to Count I, the lesser included offense of conspiracy.

We shall not burden this opinion with a discussion of the many other assignments of error. They are discussed in a memorandum filed contemporaneously with this opinion. For the reasons there expressed we find no merit in them.

Judgment REVERSED as to Smith's conviction on Count I. In all other respects as to both appellants, judgment is AFFIRMED.