### UNITED STATES of America

v.

### Milton Charles SMITH, aka "Creep," aka "Shaw," aka "Short," Appellant.

### No. 81–2210.

United States Court of Appeals, District of Columbia Circuit.

Argued March 2, 1983.

Decided March 25, 1983.

George D. Baker, Washington, D.C. (appointed by this court), Washington, D.C., with whom John J. McMackin, Jr., Washington, D.C. (appointed by this court) was on the brief, for appellant.

Louis M. Fischer, Atty., Dept. of Justice, Washington, D.C., of the bar of the Supreme Court of the United States, pro hac vice, by special leave of court, with whom Stanley S. Harris, U.S. Atty., and Michael W. Farrell, Charles J. Harkins, Jr., and Daniel S. Seikaly, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellees.

**628**

Before WRIGHT and WALD, Circuit Judges, and BONSAL,* Senior District Judge.

Opinion for the court PER CURIAM.

PER CURIAM:

This appeal arises from the conviction of Milton Charles Smith in the United States District Court for engaging in a continuing criminal enterprise, 21 U.S.C. § 848 (1976); conspiracy to distribute a controlled substance, 21 U.S.C. § 846 (1976); possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a) (1976); and traveling in interstate commerce with intent to distribute a controlled substance, 18 U.S.C. § 1952 (1976). The District Court sentenced Smith to a cumulative term of imprisonment of not less than 15 years and not more than 30 years. On direct appeal this court affirmed his conviction. *United States v. Gantt,* 617 F.2d 831 (D.C.Cir.1980).

Subsequently, appellant filed a motion under 28 U.S.C. § 2255 (1976) to vacate his conviction and sentence. He contended, among other things, that his conviction and sentence on separate counts for violating both 21 U.S.C. § 846 and 21 U.S.C. § 848 violated his constitutional rights under the Double Jeopardy Clause. The District Court denied his motion. This appeal followed.

 The government concedes that the sentence imposed upon appellant is defective. It acknowledges that the District Court erroneously imposed sentences on both the greater offense (21 U.S.C. § 848) and the lesser included offense (21 U.S.C. § 846). The government also acknowledges that the District Court's imposition of a 15- to 30-year sentence violates 18 U.S.C. § 4205(b)(1) (1976), which requires that a minimum sentence not exceed one-third of the maximum imposed.

Under these circumstances, we remand this case to the District Court for correction of its sentencing, *i.e.,* by vacating the conviction and sentence under 21 U.S.C. § 846 and reducing the 15-year minimum to a minimum of ten years' imprisonment.

*So ordered.*

---

* Of the United States District Court for the Southern District of New York, sitting by designation pursuant to 28 U.S.C. § 294(d) (1976).