**UNITED STATES of America,**

v.

**Jose RAMOS, Defendant.**

**No. 85 Cr. 4 (SWK).**

United States District Court,
S.D. New York.

Dec. 23, 1985.

See also, D.C., 613 F.Supp. 115.

Rudolph W. Giuliani, U.S. Atty. for the S.D. of N.Y., New York City by Beverly Sherman Nash, for the United States.

The Legal Aid Society, Federal Defender Unit, New York City by Phyllis Skloot Bamberger, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Defendant Jose Ramos was convicted after a bench trial of violating 21 U.S.C. § 841(a)(1) and assessed $50 pursuant to 18 U.S.C. § 3013. Defendant, an indigent, filed a motion challenging the constitutionality of the assessment and the Court stayed imposition of the assessment pending disposition of the motion.

The defendant's challenge to the statute is twofold. First, he claims that since he cannot pay the assessment immediately interest will accrue on it. Ramos alleges that this augmentation of the assessment, resulting only from his indigency, would Ramos alleges, violate his constitutional rights.[1] Second, Ramos claims that Section 3013 was introduced in the Senate and is a revenue provision. Since the bill did not originate in the House of Representatives, Ramos alleges it was thus passed in violation of Article I, Section 7 of the Constitution of the United States.

■ Initially, the United States contends that Ramos does not have standing to challenge the imposition of the assessment. It argues that since the government has not yet attempted to collect the assessment, Ramos has not suffered an injury.

■ To have standing to litigate in federal court, a party must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. *Allen v. Wright*, 468 U.S. 737, 104 S.Ct. 3315, 3325, 82 L.Ed.2d 556; *reh. den.*, —— U.S. ——, 105 S.Ct. 51, 52, 82 L.Ed.2d 942 (1984). The only issue government raises is whether Ramos has suffered an injury in fact.

The government points to two cases in support of its argument. First, in *United States v. Brown*, 744 F.2d 905 (2d Cir.); *cert. den.*, —— U.S. ——, 105 S.Ct. 599, 83 L.Ed.2d 708 (1984), the defendant was ordered to pay restitution to his victims pursuant to the Victim and Witness Protection Act, 18 U.S.C. §§ 3579 and 3580. The defendant, alleging that he was indigent and could not pay, claimed the statute was unconstitutional as applied to him. The court ruled that "[c]onstitutional objections would be encountered only if the restitution order were enforced at a time when defendant was unable ... to comply." *Brown*, 744 F.2d at 911. Thus, Brown was not injured when the restitution order was imposed, but would be only if it were enforced. Since neither the government nor the victim had attempted to enforce the order, he had no standing to challenge it.

*Brown* is distinguishable from the instant case. The statute in *Brown* gave the government and the crime victim discretion to collect the restitution. The statute reads, "An order of restitution *may* be enforced by the United States or a victim ... in the same manner as a judgment in a civil action." 18 U.S.C. § 3579(h) (emphasis added). The government is required, however, to collect the assessment under 18 U.S.C. § 3013(b). That statute reads, "Such amount so assessed *shall* be collected in the manner that fines are collected in criminal cases." *Id.* (emphasis added). A federal district court is also required to impose the assessment on any person convicted of a felony. 18 U.S.C. § 3013(a).

The government also relies on *United States v. Hutchings*, 757 F.2d 11 (2d Cir.); *cert. den.*, —— U.S. ——, 105 S.Ct. 3511, 87 L.Ed.2d 640 (1985). There the trial judge imposed the costs of the prosecution of a case on an indigent defendant. The defendant challenged the imposition of the costs as improper because of his indigency. The Second Circuit held that a defendant may assert a constitutional objection to imposition of costs on the ground of indigency only if the government seeks to enforce the trial Court's order at a time when the defendant is unable to pay. *Id.* at 14–15.

As with a restitution order, however, collection of costs is also discretionary. Rule 11 of the Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York provides the guidelines for the collection of costs. *Id.* at 15, n. 4; *see* 20 U.S.C. §§ 1920–21. If the party who recovered costs wishes to collect them, it must file a request to tax costs with the clerk of the court within thirty days of the final judgment or the disposition of the appeal. Failure to file for costs within thirty days constitutes a waiver of

---

1. The defendant does not claim that the imposition of the assessment on an indigent is itself a violation of the Constitution. Defendant only challenges the imposition of interest on unpaid assessments. The Court thus does not consider that issue.

costs. If the prevailing party does seek costs, the adversary may object to particular items or amounts. If the clerk awards the costs, the court may modify the order. F.R.Civ.P. 54(d).

There is no room for conjecture that the assessment will not be enforced. The defendant is obliged to pay as soon as the court orders it. The injuries in *Brown* and *Hutchings*, on the other hand, were "abstract ... conjectural ... [and] hypothetical." *Id.* The injuries were only speculative, and dependent on the future exercise of discretion. For purposes of standing analysis, the mandatory assessment is a "distinct and palpable" injury. *Allen v. Wright*, 468 U.S. 737, 104 S.Ct. 3315, 3325, 82 L.Ed.2d 556 (1984).

■ Turning to the merits, the defendant's first challenge to the assessment is as follows. Pursuant to 18 U.S.C. § 3013(b), the assessment is to be collected in the manner fines are collected in criminal cases. This procedure is described in 18 U.S.C. § 3565. Section 3565(b)(2) requires that interest of 1.5% per month is to be paid on a fine due in installments, and (c)(1) states interest at the same rate is to be paid on fines that are past due. Since Ramos is not presently able to pay the assessment due to his indigency and since the assessment is mandatory, he claims that the accrual of interest will increase his penalty solely because of his indigency. This would violate the Equal Protection and Due Process Clauses of the Fourteenth Amendment. *See Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 2068–69, 76 L.Ed.2d 221 (1983).

The Court need not consider this constitutional issue, however, as an examination of the plain language of the assessment and collection statutes indicates that the interest accrual provisions do not apply to unpaid assessments. Section 3013(b) specifies that the assessment shall be *collected* in the manner that fines are collected in criminal cases. Section 3565 is entitled "Collection and Payment of Fines and Penalties". Only Section 3565(a) deals with collection of fines. It states that fines may be collected in the same manner as judgments in civil cases. This includes execution by attachment, garnishment, or levy. Sections 3565(b)–(h), however, specifically deal with *payment*, not collection of fines. They establish the procedure for payment of fines and penalties. These sections require the accrual of interest on unpaid amounts, the defendant to pay the Attorney General or the Clerk of the Court, organizations to pay fines through individuals authorized to make disbursements, the clerk or Attorney General to file a notice of satisfaction of judgment when the defendant pays, and that the obligation to pay a fine ceases if not paid upon death of the defendant or after twenty years.

Thus, when Congress said that the assessment under Section 3013 is to be collected in the same manner as criminal penalties, it meant only that collection of the assessment was to be made according to the procedure for collecting fines, outlined in 18 U.S.C. § 3565(a), not that payment of the assessment was to be made according to 18 U.S.C § 3565(b)–(h).[2] If Congress had meant that payment of the assessment was to follow the procedures for payment of fines outlined in Section 3565(b)–(h), it would have stated in Section 3013 that the assessment was to be collected and *paid* in the same manner as in criminal cases.

Besides the plain language of the statute, there is another compelling reason to read Section 3013 as not incorporating the interest accrual provisions of Section 3565. If Section 3013 did, there would be a serious question as to its constitutionality. Augmentation of the assessment because a convicted felon is unable to pay due to indigency would quite possibly violate the Constitution. Since there is a strong presumption of the constitutionality of acts of Congress, and the Court's strict reading of Section 3013 preserves its validity, the Court feels justified in its narrow construction.

■ Defendant's second argument is that 18 U.S.C. § 3013 is a revenue measure

2. The Government takes the position that interest does not accrue on an assessment.

that originated in the Senate, and thus violates Article I, Section 7 of the United States Constitution.[3] Defendant's argument is that since all funds raised by the assessment are to go to a Crime Victims Fund, the assessment is a revenue raising measure. This interpretation of the assessment statute is misplaced. The assessment is imposed as a punishment on a convicted person. *See United States v. Mayberry,* 774 F.2d 1018, 1021–22 (10th Cir.1985). The fact that it also raises revenue is only incidental to the punishment. That Congress provided means for the disposition of money does not make the assessment a revenue raising measure either. The assessment is not a tax on the public, but only a consequence of being convicted of a crime. Its purpose was to punish convicted criminals. This is shown in that the assessment, like a criminal fine or penalty, increases along with the gravity of the offense. Individual misdemeanants are assessed $25 while felons must pay $50.

Defendant's motion is denied. The stay of the imposition of the assessment is lifted, and the $50 assessment is imposed on defendant Ramos.

SO ORDERED.

3. For purposes of this motion, the Court assumes that Section 3013 did originate in the Senate.