UNITED STATES of America, Plaintiff,

v.

**John VALENTINE, Defendant.**

**No. CR–86–133T.**

United States District Court,
W.D. New York.

May 9, 1989.

United States Atty. by Frank Geraci, Jr., Rochester, N.Y., for plaintiff.

Damon & Morey by Terrence Connors, Buffalo, N.Y., for defendant.

## DECISION AND ORDER

TELESCA, Chief Judge.

## INTRODUCTION

Defendant, John L. Valentine, brings this motion pursuant to Fed.R.Crim.P. 35(a) to correct an illegal sentence. On December 18, 1986, Valentine appeared before me and plead guilty to transportation of firearms in interstate commerce in violation of 18 U.S.C. §§ 2 and 924(b). The maximum sentence for a violation of those statutory sections is ten years in prison, a $10,000 fine, or both. On March 24, 1987, I sentenced Valentine to four years in prison. Additionally, in accordance with 18 U.S.C. § 3013, I ordered him to pay a $50 special penalty assessment. Subsequently, Valentine moved pursuant to Fed.R.Crim.P. 35(b) for a reduction of his sentence, which I denied by Decision and Order dated October 1, 1987. Valentine now challenges the imposition of the $50 special assessment, claiming that the authorizing statute, 18 U.S.C. § 3013, was improperly passed under the Origination Clause of the United States Constitution, rendering the assessment portion of his sentence illegal. For the reasons that follow, Valentine's motion is denied.

## DISCUSSION

Fed.R.Crim.P. 35(a) as applicable to offenses committed before November 1, 1987, provides for the correction of an illegal sentence at any time. Valentine argues that the $50 assessment should be vacated because the statute under which the assessment was imposed, 18 U.S.C. § 3013, is unconstitutional.

Valentine bases his challenge of 18 U.S.C. § 3013 on the Ninth Circuit Court of Appeals' decision in *United States v. Mu-*

noz–Flores, 863 F.2d 654 (9th Cir.1988) which held that 18 U.S.C. § 3013 was a revenue bill within the meaning of the Origination Clause of the Constitution, Article I, § 7. In reviewing the legislative history, the Court concluded that the statute violated the Origination Clause because it did not originate in the House of Representatives which is required of revenue bills. Based on that holding, Valentine argues that the $50 assessment imposed upon him was unlawful and he moves to vacate that assessment. I respectfully disagree with the Ninth Circuit's conclusion in *Munoz–Flores* and hold that 18 U.S.C. § 3013 is constitutional.

The procedural dictates of the Origination Clause are only called into question when a bill is designed to raise revenue. However, it is well settled that "the practical construction of the Constitution, and the history of the origin of the constitutional provision in question, proves that revenue bills are those that levy taxes in the strict sense of the word, and are not bills for other purposes, which may incidentally create revenue." *Millard v. Roberts,* 202 U.S. 429, 436, 26 S.Ct. 674, 675, 50 L.Ed. 1090 (1906) (quoting 1 Story Const. § 880); *Twin City National Bank of New Brighton v. Nebecker,* 167 U.S. 196, 202, 17 S.Ct. 766, 769, 42 L.Ed. 134 (1897); *United States v. Norton,* 91 U.S. 566, 569, 23 L.Ed. 454 (1876). Thus, an examination of the aim of 18 U.S.C. § 3013 is necessary to determine whether it is a revenue bill for purposes of Origination Clause analysis.

18 U.S.C. § 3013 was introduced as Title II of the Victims of Crime Act of 1984.[1] The legislative history accompanying the Victims of Crime Act reveals that its purpose is to provide funding "for direct compensation and service programs to assist victims of crime." S.Rep. No. 497, 98th Cong., 2d Sess. 1 (1984), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3607. The stated reason for imposing the penalty assessment "is to generate needed income

---

1. The measure was passed by Congress in October 1984 as part of the Comprehensive Crime Control Act of 1984, Pub.L. 98–473.

to offset the cost of the new programs authorized under [the Victims of Crime Act of 1984]." S.Rep. No. 497, 98th Cong., 2d Sess. 13 (1984), *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3619. Although the imposition of penalty assessments is to generate income, that income is intended for limited use in programs to assist crime victims. Thus, the revenue raising feature of the statute is merely incidental to its primary purpose of assisting crime victims.

This conclusion is supported by the reasoning of numerous other courts which have addressed the purpose of special penalty assessments under 18 U.S.C. § 3013. *United States v. Davis*, 845 F.2d 94, 97 n. 2 (5th Cir.1988) (special assessment under § 3013 is punishment for purposes of the Assimilative Crimes Act, 18 U.S.C. § 13); *United States v. King*, 824 F.2d 313, 316 (4th Cir.1987) (the special assessment provided for by § 3013 constitutes punishment under the Assimilative Crimes Act); *United States v. Dobbins*, 807 F.2d 130, 131 (8th Cir.1986) (the purpose underlying § 3013 was to provide aid to victims of crime); *United States v. Donaldson*, 797 F.2d 125, 127 (3d Cir.1986) (§ 3013 was intended to provide revenue to aid state crime victim compensation programs); *United States v. Mayberry*, 774 F.2d 1018, 1021 (10th Cir. 1985) (the special assessment set forth in § 3013 is punishment for purposes of the Assimilative Crimes Act); *United States v. Greene*, 709 F.Supp. 636 (E.D.Pa.1989) (Congress intended special assessment to be used to further criminal victim assistance programs); *United States v. Michaels*, 706 F.Supp. 699, 702 (D.Minn.1989) (requiring defendants to pay special assessments furthers the legislative intent of providing assistance to crime victims); *United States v. McDonough*, 706 F.Supp. 692, 695 (D.Minn.1989) (the statute authorizing special assessments was adopted primarily to provide assistance to victims of crime); *United States v. Hines*, No. 88 Cr. 739 (M.B.M.) (S.D.N.Y. February 22, 1989) (Westlaw, D.C.T. Database, 1989 WL 16565) (special assessment under § 3013 is punitive in nature); *United States v. Ramos*, 624 F.Supp. 970, 973 (S.D.N.Y.1985)

(the purpose of § 3013 was to punish convicted criminals).

In addition to the Ninth Circuit holding in *Munoz–Flores*, only one other court has concluded that § 3013 is a bill for raising revenue subject to the enactment restrictions set forth in the Origination Clause. *United States v. Clark*, 711 F.Supp. 736 (S.D.N.Y.1989). In spite of his ruling that § 3013 is a revenue raising bill, however, Judge Sweet nonetheless held the statute constitutional, finding that it originated in the House of Representatives as a bill introduced in the House by Congressman Peter Rodino on June 30, 1983 entitled the Victims of Crime Act of 1983, H.R. 3498. More recently, Judge Hughes of the United States District Court for the Southern District of Texas refused to correct a sentence under Fed.R.Crim.P. 35(a) when faced with a constitutional challenge to special assessment statute. Without analysis, the Court concluded that the statute violates the Origination Clause but held that the assessment is a tax, not part of a sentence, which cannot be corrected under Fed.R.Crim.P. 35.

The overwhelming majority of courts having dealt with this issue have found that § 3013 is not a revenue bill. However, even these courts which have differed in their analysis (with the exception of the Ninth Circuit in *Munoz–Flores*) have found that the imposition of special assessments cannot be challenged successfully under Fed.R.Crim.P. 35(a). In the wake of *Munoz–Flores*, the Ninth Circuit has vacated special assessments imposed at sentencing. *United States v. Montilla*, 870 F.2d 549 (9th Cir.1989); *United States v. Davis*, 869 F.2d 1498 (9th Cir.1989).

The Second Circuit Court of Appeals has not squarely addressed the issue before me. The Second Circuit, however, has stated that a sentence lacking a special assessment is illegal because such assessments are mandatory under § 3013. *United States v. Pagan*, 785 F.2d 378, 380 (2d Cir.), *cert. denied*, 479 U.S. 1017, 107 S.Ct. 667, 93 L.Ed.2d 719 (1986). In that case, the defendant challenged the trial court's imposition of a special assessment in the sen-

tencing judgment which he had not orally imposed at the sentencing proceeding. The Court of Appeals held that, because special assessments are mandatory, the judge's failure to secure the defendant's presence to impose the assessment was harmless error. By so ruling, the Second Circuit assumed, *sub silentio*, the constitutional validity of § 3013.

## CONCLUSION

My analysis of the history of 18 U.S.C. § 3013, together with the weight of authority, persuade me that 18 U.S.C. § 3013 is not a revenue bill for purposes of the Origination Clause of the United States Constitution. Thus, I conclude that the statute is constitutional and that the $50 special assessment imposed upon Mr. Valentine at the time of sentencing was proper. Accordingly, his motion to correct his sentence pursuant to Fed.R.Crim.P. 35(a), specifically to vacate that portion of his sentence dealing with the $50 special assessment, is denied.

ALL OF THE ABOVE IS SO ORDERED.