**UNITED STATES of America**

v.

**Roberto Esteban FUENTES.**

**Crim. Nos. 89–156(01), 89–184(01).**

United States District Court,
E.D. Virginia,
Alexandria Division.

Dec. 28, 1989.

As Amended Jan. 31, 1990.

Liam O'Grady, Asst. U.S. Atty., Alexandria, Va., for plaintiff.

Jack S. Rhoades, Cake & Rhoades, P.C., Alexandria, Va., for defendant.

## SENTENCING MEMORANDUM

ELLIS, District Judge.

### Introduction

Defendant Roberto Esteban Fuentes is before the Court for sentencing following a jury trial on August 24, 1989, resulting in a guilty verdict on 34 counts of a 78–count indictment.[1] Specifically, Fuentes was convicted of Count 1, charging him with conspiracy to possess and distribute in excess of five (5) kilograms of cocaine, in violation of 21 U.S.C. § 846; Count 2, carrying on a Continuing Criminal Enterprise ("CCE"), in violation of 21 U.S.C. § 848; Count 3, of conspiracy to launder money, in violation of 18 U.S.C. § 371; Count 10, distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Count 21, of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1); Count 22, of possession with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1); Count 24 (lesser included offense), of possession of cocaine, in violation of 21 U.S.C. § 844; Counts 28, 31, and 32, of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1); and Counts 34 through 55, 77 and 78, of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

A trial spanning eight days, including the testimony of more than fifty witnesses and the introduction of dozens of documentary

---

**1.** Defendant was initially charged in 39 of the 78 counts. Five counts (Counts 17, 18, 19, 29, and 30) were dismissed on motion of the government prior to trial.

exhibits, left no reasonable doubt that for almost a decade defendant conspired with diverse others to (i) possess and distribute at least fifty kilograms of cocaine; (ii) engage in a CCE; and (iii) launder money derived from illegal drug trafficking. Trial testimony confirmed defendant's role as the leader and organizer of an extensive drug trafficking conspiracy. At least fourteen witnesses [2] testified they had purchased substantial amounts of cocaine from defendant with the intent to distribute that cocaine in furtherance of the conspiracy. Other testimony at trial clearly established that defendant had stored and distributed large quantities of cocaine and employed others to aid him in this illicit enterprise. The testimony also disclosed that defendant's criminal enterprise generated millions of dollars in profit. The following, more specific examples from the trial record help illustrate the nature and scope of defendant's enterprise.

1. Defendant employed numerous distributors at various times throughout the CCE's existence. Some distributors were employed by him over a long period of time. For example, Miltino Inciarte, a co-defendant, distributed cocaine for defendant for nearly 10 years. Carmen Rosa Mesa, who defendant taught to cut, bag and price cocaine, distributed for defendant from 1985 until 1989. Ray Valdez, also a co-defendant, distributed cocaine for defendant regularly for a year.

2. Other distributors for defendant's enterprise, though employed for shorter periods of time, nonetheless distributed significantly large amounts of cocaine. Sia Pasakhani (Mark Peters) testified that defendant fronted him one-half kilogram of cocaine in June, 1986 and another nine (9) ounces in March, 1987. Defendant also fronted Samad Arshadi substantial amounts of cocaine on four or five occasions. Mark Stamer's cocaine purchases from defendant over a six-month period rapidly increased until he was fronting him four (4) ounce quantities on multiple occasions each week.

3. In addition to distributors, defendant employed individuals to store his cocaine prior to distribution. George Van Wagner, a co-defendant, stored defendant's cocaine at three different locations during the enterprise. At defendant's request, Van Wagner also stored substantial quantities of cocaine for Carlos Acevedo, another of defendant's distributors. From July, 1988 until March, 1989, Carmen Rosa Mesa stored approximately five kilograms of cocaine for defendant.

4. Defendant also employed a battalion of cocaine couriers and enforcers who accompanied him on his deliveries, including Heidi Coleman, Beatriz Perez, Nestor Fernandez, Charles Limber, Carmen Rosa Mesa and co-defendant Ray Valdez.

5. In order to conceal the profits from his extensive cocaine enterprise, defendant employed various people to aid him in laundering his illegal drug profits. Stephen Church, Thomas Church, Dennis Melton, George Van Wagner and Gary Jaffe assisted defendant in devising and implementing elaborate laundering schemes involving, *inter alia*, the establishment of illusory business ventures, the preparation and filing of false wage and earnings statements, and the investment of drug money in legitimate businesses and real estate.

The precise financial dimensions of defendant's criminal enterprise cannot be determined. It spanned too long a period of time and involved too many people. And, of course, complete financial records are not available. But the record leaves no doubt that defendant derived substantial sums of money from it. The DEA seized in excess of $140,000 in cash from defendant's safety deposit boxes in March, 1989. Also seized were defendant's condominium valued in excess of $80,000, and his expensive late model sports car for which he had paid cash. Beyond this, many witnesses testified that defendant gave large amounts of cash, from $17,000 to $30,000, to others for the purpose of purchasing

---

2. Carlos Acevedo, Samad Arshadi, Heidi Coleman, Nestor Fernandez, Robert Langer, George Limber, John McCann, Dennis Melton, Carmen Rosa Mesa, Sia Pasakhani (Mark Peters), Ed Sandler, Mark Stamer, David Sussman, and George Walling.

cocaine. Finally, the cocaine attributable to the enterprise would likely have had a street value in the millions depending on the mode of processing and sale.

Pursuant to 18 U.S.C. § 3553, the Court sets forth the following findings and reasons in connection with the sentence imposed on ROBERTO ESTEBAN FUENTES on December 28, 1989.

### A. Uncontested Matters:

With the exception of the contested matters listed below, defendant and the government have no objection to the findings and conclusions of the Presentence Investigation Report ("PSIR"). Accordingly, with the exceptions of the listed contested matters, the Court adopts the PSIR findings and conclusions as its findings and conclusions in this sentencing proceeding.

### B. Contested Matters:

The defendant, through counsel, objects to various terms and characterizations used in the PSIR. First, defendant contends that the conspiracy did not involve international travel as stated in paragraph 6 of the PSIR. This point is not material to the Court's sentencing decision. In any event, as the government has no objection and as the evidence on this point is not conclusive, the word "international" is ordered stricken from paragraph 6. Second, defendant objects to the PSIR's use of the phrase "drug hierarchies." This objection is without merit. Testimony at trial plainly established the hierarchical structure of the conspiracy, with defendant at the apex. Third, defendant argues that language in paragraph 9 of the PSIR implies that defendant directed Cabre or Behrens by "send[ing] Cabre or Behrens with money to acquire cocaine in Miami." This objection is also without merit. Convincing evidence adduced at trial plainly demonstrated defendant's general control over the conspiracy's criminal activity, including sending Cabre

and others to Miami to acquire cocaine for distribution. Further, defendant objects to PSIR references concerning quantities of cocaine in excess of 50 kilograms. This objection is not material to the Court's sentencing decision as defendant's Guidelines offense level calculation is based on a 50 kilogram amount, regardless of the PSIR's references to quantities in excess of that.

Defendant's final objection, vigorously pressed, is to his conviction for violations of both 21 U.S.C. § 846 (conspiracy to distribute cocaine) and of 21 U.S.C. § 848 (CCE). This double conviction, defendant argues, is barred by the Double Jeopardy Clause and precluded by the fact that the § 846 conspiracy charge is a lesser-included offense of the CCE charge. The Double Jeopardy argument is meritless. Equally meritless is defendant's reliance on the lesser-included offense argument to compel vacation of the conspiracy conviction. But the lesser-included offense argument is effective to preclude the imposition of any double punishment and hence precludes the imposition of any sentence with respect to the conspiracy conviction.[3] Each of the arguments is separately considered.

#### 1. Double Jeopardy

■ The Double Jeopardy Clause prohibits prosecution of a defendant twice "for the same offense." U.S. Const. amend. V.; see also, North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The question, then, is whether § 846 conspiracy and § 848 CCE are the "same offense." Garrett v. United States, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985) controls this question; it compels a negative answer. There, the Supreme Court held that the Double Jeopardy Clause did not bar separate prosecutions for CCE and importation of marijuana (21 U.S.C. § 952), a predicate offense of CCE. In reaching this conclusion, Justice Rehnquist wrote:

---

**3.** The Court only belatedly appreciated this point. At the initial sentencing hearing, the Court imposed concurrent sentences, including periods of incarceration, for both the CCE and conspiracy convictions. After supplemental briefs and oral argument, however, the Court vacated these sentences. Thereafter, the Court resentenced defendant *de novo*, omitting on this occasion any sentence for the § 846 conspiracy conviction. This Sentencing Memorandum pertains to the sentences imposed at the second sentencing hearing.

[T]he CCE offense is not, in any commonsense [sic] or literal meaning of the term, the "same" offense as one of the predicate offenses. The CCE offense requires the jury to find that the defendant committed a predicate offense, and in addition that the predicate offense was part of a continuing series of predicate offenses undertaken by the defendant in concert with five or more other persons, that the defendant occupied the position of an organizer or manager, and that the defendant obtained substantial income or resources from the continuing series of violations.

*Garrett,* 471 U.S. at 786, 105 S.Ct. at 2415. Given *Garrett,* it follows that defendant's conviction for both a CCE and the predicate offense of conspiracy [4] does not violate the Double Jeopardy clause. "[I]t would be illogical for Congress to intend that a choice be made between the predicate offenses and the CCE offense in pursuing major drug dealers." *Garrett,* 471 U.S. at 785, 105 S.Ct. at 2415.

### 2. *Lesser–Included Offense*

■ A § 846 conspiracy is a lesser-included offense of a CCE. *United States v.*

*Raimondo,* 721 F.2d 476, 477 (4th Cir.) *(per curiam), cert. denied, sub nom, Bello v. United States,* 469 U.S. 837, 105 S.Ct. 133, 83 L.Ed.2d 74 (1984).[5] And ordinarily, absent express congressional authorization, conviction for a lesser-included offense bars prosecution for the greater offense. *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). In this instance, however, "Congress intended CCE to be a separate offense and … intended to permit prosecution for both the predicate offenses and the CCE offense …". *Garrett v. United States,* 471 U.S. 773, 786, 105 S.Ct. 2407, 2415, 85 L.Ed.2d 764 (1985) (footnote added). *See also, Jeffers v. United States,* 432 U.S. 137, 155, 97 S.Ct. 2207, 2218, 53 L.Ed.2d 168 (1977) (plurality opinion) (implicitly holding a § 846 conspiracy and a § 848 CCE separate offenses in the course of finding it "necessary to decide whether cumulative punishments are permissible for violations of §§ 846 and 848"). Accordingly, defendant's convictions for violations of §§ 846 and 848 are proper.

■ This does not end the inquiry. Left to be resolved is whether Congress intended to permit the imposition of punishment

---

**4.** A predicate offense of § 848 CCE is a violation of "any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony." 21 U.S.C. § 848(c). The Circuits are in agreement that a § 846 conspiracy qualifies as a predicate offense of a § 848 CCE. *United States v. Ricks,* 802 F.2d 731, 737 (4th Cir.), *cert. denied,* 479 U.S. 1009, 107 S.Ct. 650, 93 L.Ed.2d 705 (1986) ("the government may rely on a § 846 violation to establish a § 848 offense"); *see also United States v. Schuster,* 769 F.2d 337, 345 (6th Cir.1985) (same), *cert. denied,* 475 U.S. 1021, 106 S.Ct. 1210, 89 L.Ed.2d 322 (1986); *United States v. Jones,* 763 F.2d 518, 524–25 (2d Cir.) (same), *cert. denied,* 474 U.S. 981, 106 S.Ct. 386, 88 L.Ed.2d 339 (1985); *United States v. Brantley,* 733 F.2d 1429, 1436 n. 14 (11th Cir.1984) (same), *cert. denied,* 470 U.S. 1006, 105 S.Ct. 1362, 84 L.Ed.2d 383 (1985), *United States v. Middleton,* 673 F.2d 31, 33 (1st Cir.1982) (same).

**5.** The circuits are uniform on this point. *See eg., United States v. Aguilar,* 849 F.2d 92, 98 (3d Cir.1988); *United States v. Benevento,* 836 F.2d 60, 73 (2d Cir.1987); *United States v. Grubbs,* 829 F.2d 18, 19 (8th Cir.1987) *(per curiam); United States v. Stallings,* 810 F.2d 973, 974–5 (10th Cir.1987); *United States v. Cruz,* 805 F.2d 1464, 1479 (11th Cir.1986); *United States v. Schuster,* 769 F.2d 337, 341 (6th Cir.1985), *cert.*

*denied,* 475 U.S. 1021, 106 S.Ct. 1210, 89 L.Ed.2d 322 (1986); *United States v. Burt,* 765 F.2d 1364, 1368 (9th Cir.1985); *United States v. Smith,* 703 F.2d 627, 628 (D.C.Cir.1983) *(per curiam); United States v. Michel,* 588 F.2d 986, 1001 (5th Cir.), *cert. denied,* 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1979).

Worth noting, however, is that *United States v. Jeffers,* 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) is sometimes cited as authority for the proposition that a § 846 conspiracy is a lesser-included offense of a § 848 CCE. *See e.g., United States v. Osorio Estrada,* 751 F.2d 128, 134 (2d Cir.1984), *cert. denied,* 474 U.S. 830, 106 S.Ct. 97, 88 L.Ed.2d 79 (1985); *United States v. Raimondo,* 721 F.2d 476 (4th Cir.) *(per curiam), cert. denied, sub nom, Bello v. United States,* 469 U.S. 837, 105 S.Ct. 133, 83 L.Ed.2d 74 (1984); *United States v. Smith,* 690 F.2d 748 (9th Cir. 1982), *cert. denied,* 460 U.S. 1041, 103 S.Ct. 1435, 75 L.Ed.2d 793 (1983). In fact, the *Jeffers* Court never decided the issue; it was assumed, *arguendo. Jeffers,* 432 U.S. at 149–50, 153 n. 20, 97 S.Ct. at 2215–16, 2217 n. 20 (citations omitted) ("[B]efore this case it was by no means settled law that § 846 is a lesser included offense of § 848 … Even now, it has not been necessary to settle that issue definitively.").

for convictions of both a § 848 CCE and the related predicate offense of § 846 conspiracy. The Supreme Court's decision in *Jeffers* provides the answer. It holds that,

> Congress did not intend to impose cumulative penalties under §§ 846 and 848 ... the court had the power to sentence [defendant] to whatever penalty was authorized by [§ 848]. It had no power, however, to impose on him a fine greater than the maximum permitted by § 848.

*Jeffers*, 432 U.S. at 157, 97 S.Ct. at 2220. Thus, this Court is precluded from imposing sentences on defendant for violations of both § 846 conspiracy and a § 848 CCE. Nor would concurrent sentences avoid the *Jeffers* bar against cumulative punishment. Although concurrent terms do not increase the total period of incarceration, they fail to avoid the bar against cumulative punishment because the fact of the sentence, by itself, "may entail adverse 'collateral consequences.'" *United States v. Rosenthal*, 454 F.2d 1252, 1255 n. 2 (2d Cir.), *cert. denied*, 406 U.S. 931, 92 S.Ct. 1801, 32 L.Ed.2d 134 (1972). Statutory special assessments pursuant to 18 U.S.C. § 3013 are yet another reason that a concurrent sentence violates the cumulative punishment

bar. The imposition of even a concurrent sentence for the § 846 conspiracy conviction would require the assessment of an additional, punitive [6] fifty (50) dollars pertaining to that sentence. *See* 18 U.S.C. § 3013(a)(2)(A).

■ Well established, then, are the following:

(1) A § 846 conspiracy is a lesser-included offense of a § 848 CCE;

(2) A defendant can be convicted of both a § 846 conspiracy and a § 848 CCE; and

(3) A defendant cannot be punished for both a violation of § 846 and a violation of § 848.

But still unsettled is the proper treatment of the lesser-included offense conviction: Must it be vacated or may it stand and be merged into the § 848 conviction? The Supreme Court has never squarely decided this issue. Fourth Circuit panels have reached conflicting results without squarely addressing the issue.[7] Elsewhere, some courts have required vacation of the conviction for the lesser-included offense.[8] Alternatively, other courts have let both the § 846 conspiracy conviction and the § 848

---

**6.** Not all courts agree that the § 3013 special assessment is punitive. For those that do, *see*, *United States v. Davis*, 845 F.2d 94, 97 n. 2 (5th Cir.1988); *United States v. King*, 824 F.2d 313, 316 (4th Cir.1987); *United States v. Mayberry*, 774 F.2d 1018 (10th Cir.1985); *United States v. Miller*, 1989 W.L. 103043 (E.D.Ky.1989); *United States v. Hines*, 1989 W.L. 16565 (S.D.N.Y.1989); *United States v. Vines*, 718 F.Supp. 895 (S.D.Ala. 1989); *United States v. Conner*, 715 F.Supp. 1327 (W.D.N.C.1989); *United States v. Valentine*, 715 F.Supp. 51 (W.D.N.Y.1989); *United States v. Madison*, 712 F.Supp. 1379 (W.D.Wis.1989); *United States v. Robertson*, 638 F.Supp. 1202 (E.D.Va. 1986).

For decisions to the contrary, *see*, *United States v. Munoz–Flores*, 863 F.2d 654 (9th Cir. 1988) (holding special assessments revenue raising, not punitive and therefore unconstitutional); *United States v. Dobbins*, 807 F.2d 130 (8th Cir.1986) (special assessments are revenue raising provisions); *United States v. Donaldson*, 797 F.2d 125, 127 (3d Cir.1986) (same); *United States v. Clark*, 711 F.Supp. 736 (S.D.N.Y.1989) (same).

**7.** *Compare*, *United States v. Butler*, 885 F.2d 195, 202 (4th Cir.1989) (vacating conspiracy convictions) and *United States v. Williams*, 892 F.2d 75

(4th Cir.1989) (unpublished opinion); *United States v. Jay*, 887 F.2d 1081 (4th Cir.1989) (unpublished opinion) (vacating the conspiracy sentence in light of affirmance of the CCE count); *United States v. West*, 877 F.2d 281, 292 (4th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 195, 107 L.Ed.2d 149 (1989) (citations omitted) ("setting aside" defendant's sentence for his § 846 conspiracy conviction); *United States v. Porter*, 821 F.2d 968, 978 (4th Cir.1987) ("Porter's sentences for his conspiracy convictions ... must be set aside."), *cert. denied*, 485 U.S. 934, 108 S.Ct. 1108, 99 L.Ed.2d 269 (1988).

**8.** *United States v. Jefferson*, 714 F.2d 689 (7th Cir.1983) (vacating the conviction as well as the sentence), *vacated and remanded*, 474 U.S. 806, 106 S.Ct. 41, 88 L.Ed.2d 34 (1985); *United States v. Smith*, 690 F.2d 748 (9th Cir.1982), *cert. denied*, 460 U.S. 1041, 103 S.Ct. 1435, 75 L.Ed.2d 793 (1983) (same); *United States v. Buckley*, 586 F.2d 498 (5th Cir.), *cert. denied*, 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1979) (same), *see also*, *United States v. Aguilar*, 849 F.2d 92 (3d Cir.1988) (reversing conviction for CCE because defendant was convicted of the lesser-included offense of conspiracy with instructions to district court to dismiss the CCE count of the indictment).

CCE conviction stand but imposed no sentence for the lesser-included offense.[9] Reflected in this decisional inconsistency are two competing policy concerns that arise in the context of applying the cumulative punishment bar. On one hand, "[t]he rationale for vacating a conviction as well as the sentence is that a conviction alone—even without a sentence—may entail adverse 'collateral consequences'", *United States v. Rosenthal*, 454 F.2d 1252, 1255 n. 2 (2d Cir.), *cert. denied*, 406 U.S. 931, 92 S.Ct. 1801, 32 L.Ed.2d 134 (1972). On the other hand, "a defendant might avoid all punishment for his crimes if an appellate court reversed the single conviction on the compound offense but would have upheld the convictions on the less inclusive counts." *United States v. Gomberg*, 715 F.2d 843, 851 (3d Cir.1983), *cert. denied*, 465 U.S. 1078, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984). Imposing no sentence for defendant's § 846 conspiracy conviction and merging that conviction into the § 848 conviction achieves a rough compromise between these concerns. Excessive punishment is thereby avoided. At the same time, leaving the § 846 conviction intact, but merged into the § 848 conviction minimizes the risk that defendant's criminal conduct will go unpunished if the CCE conviction is overturned for any reason not affecting the validity of the conspiracy conviction. Any inherent punitive effect flowing from the continuing existence of the merged lesser-included offense conviction, even without a sentence, is outweighed by the interest in ensuring that those convicted of serious crimes do not unjustifiably escape punishment. At least two other circuits have also adopted this compromise. *See United States v. Osorio Estrada*, 751 F.2d 128, 134–35 (2d Cir.), *cert. denied*, 474 U.S. 830, 106 S.Ct. 97, 88 L.Ed.2d 79 (1985); *United States v. Gomberg*, 715 F.2d 843, 851–52 (3d Cir.1983), *cert. denied*, 465 U.S. 1078, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984). Accordingly, the Court joins those circuits in this compromise and vacates the sentence imposed under 21 U.S.C. § 846, but not the conviction.

C. Conclusions:

The following are the Court's Guidelines conclusions with respect to the CCE conviction.[10]

1. Defendant's adjusted offense level is 36.

2. Defendant's offense level total is 34.

3. Defendant's criminal history category is I.

4. The range of punishment under the Guidelines is 151 to 188 months, with five (5) years of supervised release required.

5. The Guidelines range of fines is $25,000 to $4,000,000, with an additional statutory special assessment of $50. 18 U.S.C. § 3013(a)(2)(A).

6. Probation is not authorized.

D. Departure:

◼ Congress empowered district courts to impose a sentence outside the guideline range where the Court finds "that there

---

9. *United States v. Osorio Estrada*, 751 F.2d 128 (2d Cir.1984), *cert. denied*, 474 U.S. 830, 106 S.Ct. 97, 88 L.Ed.2d 79 (1985); *United States v. Gomez*, 593 F.2d 210 (3d Cir.) (*en banc*), *cert. denied*, 441 U.S. 948, 99 S.Ct. 2172, 60 L.Ed.2d 1052 (1979); *see also, Gavieres v. United States*, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911) (a conviction and sentence imposed for a lesser-included offense must be vacated when there has been a conviction for the greater offense).

In the Fourth Circuit, this practice has been referred to, on occasion, as "merger." *See eg., United States v. Holland*, 889 F.2d 1085 (4th Cir.1989) (unpublished opinion) (upholding the district court's granting of defendant's motion to vacate and set aside the conspiracy conviction "on the basis that the conspiracy conviction and the CCE conviction should merge for sentencing."); *United States v. Kosko*, 870 F.2d 162, n. 1

(4th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 3197, 105 L.Ed.2d 704 (1989) ("The district court properly found that the conspiracy count was merged into the CCE count.").

10. Noted here for purposes of comparison are the Guidelines conclusions pertaining to defendant's § 846 conspiracy conviction.

1. Defendant's adjusted offense level is 40.
2. Defendant's offense level total is 38.
3. Defendant's criminal history category is I.
4. The range of punishment under the Guidelines is 235 to 293 months, with five (5) years of supervised release required.
5. The Guidelines range of fines is $25,000 to $4,000,000, with an additional statutory special assessment of $50. 18 U.S.C. § 3013(a)(2)(A).
6. Probation is not authorized.

exists an aggravating or mitigating circumstance of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b); *Guidelines* § 5K2.0. This case presents such a circumstance. The Guideline range for CCE is manifestly inadequate in its failure to account adequately for the dimensions and duration of this CCE. As the record discloses, this CCE spanned at least a decade, distributed 50 kilograms of cocaine, and employed numerous participants as couriers, distributors and money launderers. Yet, the Guidelines range fails even to approach the statutory mandatory minimum sentence of 20 years for the CCE offense. 21 U.S.C. § 848. This alone amply supports a departure. But there is more; another Guidelines anomaly further underscores the propriety of a departure. The total offense level and Guideline range in this case for the lesser-included offense of a § 846 conspiracy is inexplicably much higher than the comparable figures for the greater CCE offense. For conspiracy, the total offense level is 38 and the permissible incarceration range is 235 to 293 months. Yet, for CCE, the total offense level is only 34 and the permissible incarceration range is only 151 to 188 months. No good reason supports a period of incarceration for a lesser-included offense that is longer than the period prescribed for the greater, inclusive offense. This incongruous Guidelines result invites an upward departure from the Guidelines range for a CCE to that prescribed for the § 846 conspiracy. The Court accepts this invitation and concludes that a four (4) level upward departure is appropriate in light of the inadequacy of the CCE Guidelines range as compared to the § 846 conspiracy Guidelines range. Accordingly, with respect to the CCE conviction, the Court, *sua sponte*, departs upward four (4) levels to impose a sentence, in the middle of the § 846 Guideline range [11], of 252 months.

E. Sentence Imposed:

With respect to Count 1, the Court imposes no sentence for the reasons noted above in Part B.

With respect to Count 2, the Court commits defendant to the custody of the Bureau of Prisons for a period of 252 months. Upon release, defendant is to be placed on supervised release for a term of five (5) years. As a special condition of supervised release, defendant is to undergo a program of drug rehabilitation and testing at the direction and discretion of the Probation Office. The Court also imposes a $50 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A).

With respect to Count 3, Counts 34 through 55, and Counts 77 and 78, the Court commits defendant to the custody of the Bureau of Prisons for a period of 5 years for each count. Upon release, defendant is to be placed on supervised release for a term of 3 years for each count. The Court also imposes a $50 special assessment on each count for a total of $1,250, pursuant to 18 U.S.C. § 3013(a)(2)(A). The sentences imposed under these counts are to be served concurrently with each other and with the sentence imposed under Count 2.

With respect to Count 10, the Court commits defendant to the custody of the Bureau of Prisons for a period of 5 years. Upon release, defendant is to be placed on special parole for a term of 3 years. The Court also imposes a $50 special assessment pursuant to 18 U.S.C. § 3013(a)(2)(A). The sentence imposed under this count is to be served concurrently with the sentence imposed under Count 2.

With respect to Counts 21 and 22, the Court commits defendant to the custody of the Bureau of Prisons for a period of 5 years for each count. Upon release, defendant is to be placed on supervised release for a term of 3 years for each count. The Court also imposes a $50 special assessment on each count for a total of $100, pursuant to 18 U.S.C. § 3013(a)(2)(A). The sentences imposed under these counts are to be served concurrently with each other and with the sentence imposed for Count 2.

With respect to Count 24, the Court commits defendant to the custody of the Bu-

11. *See supra* n. 10.

reau of Prisons for a period of 1 year. Upon release, defendant is to be placed on supervised release for a term of 1 year. The Court also imposes a $25 special assessment pursuant to 18 U.S.C. § 3013(a)(1)(A). The sentence imposed under this count is to be served concurrently with the sentence imposed under Count 2.

With respect to Counts 28, 31 and 32, the Court commits defendant to the custody of the Bureau of Prisons for a period of 5 years for each count. Upon release, defendant is to be placed on supervised release for a term of 3 years for each count. The Court also imposes a $50 special assessment on each count for a total of $150, pursuant to 18 U.S.C. § 3013(a)(2)(A). The sentences imposed under these counts are to be served concurrently with each other and with the sentence imposed under Count 2.

All sentences of confinement are to run concurrently with the sentence imposed on Count 2 and with each other. Likewise, all periods of supervised release are to run concurrently with the period of supervised release imposed on Count 2 and with each other. Defendant is to receive credit for time already served.

The Court does not impose a fine or the costs of incarceration or supervised release because defendant has no assets[12] and is unable to pay.

The Court recommends to the Bureau of Prisons that defendant be incarcerated in a facility near Miami, Florida where his parents are located.

F. Statement of Reasons for the Court's Sentence:

The sentence imposed adequately serves the goals of deterrence, retribution, incapacitation and rehabilitation. Neither the statutory mandatory minimum, nor a sentence within the Guidelines range for the CCE conviction would accomplish this result.

---

12. The government seized defendant's assets, including $44,000 in cash, a condominium in Ma-

Copies of this Sentencing Memorandum shall be issued to all counsel of record, the Probation Office, the United States Marshal, and to the United States Sentencing Commission.

ryland, a jet ski, and a 1987 Nissan automobile.