935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Haywood WILLIAMS, Jr., Defendant-Appellant.
 No. 90-7400.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 23, 1991.
Decided June 21, 1991.
As Amended July 15, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (CR-80-14-N)
 Haywood Williams, Jr., appellant pro se.
 Raymond Alvin Jackson, Office of the United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED IN PART AND REVERSED IN PART.
 Before MURNAGHAN and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Haywood Williams Jr., a federal prisoner serving a life sentence without parole, appeals the district court's decision to dismiss his 28 U.S.C. Sec. 2255 petition. We grant Williams the relief he requests on his claim that his 21 U.S.C. Sec. 846 conspiracy conviction should be vacated and order that conviction vacated. We affirm the district court's dismissal of Williams's remaining claims.
 
 
 2
 * Williams was convicted in 1980 of numerous offenses resulting from his cocaine and heroin trafficking activities. Williams's convictions and accompanying sentences were affirmed on appeal, as was the district court's dismissal of a prior motion challenging his sentences and collaterally attacking his convictions. See United States v. Williams, No. 88-7340, slip op. at 1-2 (4th Cir. Dec. 11, 1989) (unpublished).
 
 
 3
 Williams raised 25 claims--most of which challenged his competency to be tried--in his prior Sec. 2255 motion, which the district court denied. When Williams appealed the dismissal of that Sec. 2255 petition, this Court reviewed the merits of all 25 claims and affirmed the district court's dismissal of 24 of them, including all of his claims challenging his competency to be tried. Id.[1] However, this Court did grant Williams relief on one claim.
 
 
 4
 We held that because Williams had already been convicted and punished for Sec. 848 CCE, he could not also be punished for the lesser-included offense of Sec. 846 conspiracy. This panel then ordered the district court to vacate the sentence--but not the conviction--which Williams received as a result of his Sec. 846 conspiracy conviction.
 
 
 5
 In the present Sec. 2255 petition, most of the claims raised by Williams allege that the district court violated the law by failing to comply with various statutorily-mandated procedures when determining whether he was competent to stand trial. The district court explicitly rejected Williams's attempts to relitigate his competency to stand trial claims by noting that this Court had previously addressed--and rejected--the merits of those claims; therefore, he could not relitigate those issues in the present petition.
 
 
 6
 It is clear that, under principles of either collateral estoppel or successiveness, this Court is not required to consider any issue raised here by Williams which alleges that his rights were violated by the district court's failure to comply with statutory procedures when determining Williams's competency to stand trial.
 
 II
 
 7
 Although the Supreme Court has not squarely addressed the issue, it is clear that a Sec. 846 conspiracy is a lesser-included offense of the CCE.[2] United States v. Raimondo, 721 F.2d 476, 477 (4th Cir.1983), cert. denied, 469 U.S. 837 (1984). Ordinarily, absent express congressional authorization, conviction for a lesser-included offense bars prosecution for the greater offense. Brown v. Ohio, 432 U.S. 161 (1977); see United States v. Aguilar, 849 F.2d 92 (3d Cir.), cert. denied, 488 U.S. 924 (1988). Although the Supreme Court has held that a defendant may be prosecuted for both a Sec. 848 CCE and the substantive offenses which constitute the predicate offenses for the CCE conviction, United States v. Garrett, 471 U.S. 773, 786 (1985), it has also ruled that a defendant may not be punished for both the Sec. 848 CCE and a lesser included Sec. 846 conspiracy conviction.[3] United States v. Jeffers, 432 U.S. 137, 155-58 (1977) (plurality opinion). Punishment includes both the sentence and the conviction. See United States v. Butler, 885 F.2d 195 (4th Cir.1989); see also United States v. Jefferson, 714 F.2d 689, 703-06 (7th Cir.1983); United States v. Graziano, 710 F.2d 691, 699 (11th Cir.), cert. denied, 466 U.S. 937 (1984); United States v. Smith, 703 F.2d 627, 628 (D.C.Cir.1983); United States v. Samuelson, 697 F.2d 255, 259-60 (8th Cir.1982), cert. denied, 465 U.S. 1038 (1984); United States v. Smith, 690 F.2d 748, 750 (9th Cir.1982), cert. denied, 460 U.S. 1041 (1983); United States v. Buckley, 586 F.2d 498 (5th Cir.1978), cert. denied, 440 U.S. 982 (1979). Therefore, although the district court properly adhered to our earlier mandate in this case, we now recognize that Williams's Sec. 846 conviction must be vacated.[4]
 
 III
 
 8
 In conclusion, we affirm the district court's dismissal of all of Williams's claims except for his claim involving his Sec. 846 conviction. Pursuant to our authority under 28 U.S.C. Sec. 2106, we modify the district court's order to reflect that Williams's Sec. 846 conviction has been vacated. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED IN PART AND REVERSED IN PART.
 
 
 
 [1]
 This Court specifically noted in United States v. Williams, No. 88-7340, that Williams was barred from raising in his Sec. 2255 motion any claims which were previously rejected on direct appeal, see Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), cert. denied, 429 U.S. 863 (1976), or in a previous post-conviction proceeding. See Sanders v. United States, 373 U.S. 1 (1963)
 
 
 [2]
 The circuits are uniform on this point. See United States v. Fuentes, 729 F.Supp. 487, 491, n. 5, aff'd in part and remanded with instructions, United States v. Tanner, No. 90-5157 (4th Cir. Nov. 9, 1990) (unpublished). Fuentes contains an excellent general discussion of the issue at bar
 
 
 [3]
 In general, it is presumed that, in the absence of express congressional intent to the contrary, Congress ordinarily does not intend to punish the same offense under two different statutes. Ball v. United States, 470 U.S. 856, 865 (1985). In Ball, the Supreme Court held that when a defendant has been prosecuted for two offenses involving the same criminal conduct and he has been convicted of one, he may not be convicted of the other since the second criminal conviction--even if it does not carry an accompanying sentencing component--constitutes double punishment which, absent express congressional authorization, is prohibited by principles of double jeopardy
 
 
 [4]
 A court possesses the power to change a prior decision which is in error and would result in substantial injustice. Edwards v. Johnston County Health Dep't, 885 F.2d 1215, 1218 n. 10 (4th Cir.1989). This Court will not allow any law-of-the-case doctrine to prevent it from correcting a previous decision which resulted in substantial injustice