**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1928
_____

UNITED STATES OF AMERICA

v.

BAHADIR YAHSI,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-11-cr-00353-001)
District Judge:  Honorable Jose L. Linares

Submitted under Third Circuit LAR 34.1(a)
on July 12, 2012

Before:  FUENTES, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: July 27, 2012)

O P I N I O N

**ROTH,** Circuit Judge:

Bahadir Yahsi appeals from the District Court's April 3, 2012, order denying his motion to dismiss the indictment on double jeopardy grounds.  For the following reasons, we will affirm the order of the District Court.

## I. Background

On December 14, 2010, a New Jersey state grand jury returned an indictment charging Yahsi and 26 other individuals with drug-trafficking offenses, including two counts alleging that, from February through April 2010, Yahsi conspired with others to distribute oxycodone (Count 46) and ecstasy (Count 47) in Clifton, New Jersey.

On January 23, 2012, a federal grand jury sitting in the District of New Jersey returned a second superseding indictment charging Yahsi with conspiring to distribute oxycodone and ecstasy from June through October 2010 (Count One), distributing oxycodone on September 30, 2010 (Count Two), and distributing ecstasy on August 15, 19, and 25, 2010 (Counts Three, Four, and Five) in Passaic County, New Jersey, and elsewhere.

On February 27, 2012, Yahsi moved to dismiss the Federal Indictment, claiming that the State Indictment and the Federal Indictment charged him for the same criminal conduct, thereby placing him in double jeopardy. At a hearing on March 26, 2012, the District Court heard argument from both parties. The District Court subsequently denied the motion by oral ruling on April 2, 2012, and by written order dated April 3, 2012. In doing so, the District Court noted the lack of significant overlap in locations, time periods, and co-conspirators.

Yahsi interlocutorily appealed.[1]

## II. Jurisdiction and Standard of Review

---

[1] On April 5, 2012, the District Court stayed the matter, including the jury trial scheduled for April 4, 2012, pending this appeal.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. A pre-trial order denying a motion to dismiss an indictment on double jeopardy grounds falls within the "collateral order" exception to the final order requirement. *United States v. Smith*, 82 F.3d 1261, 1265 (3d Cir. 1996). We thus have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1291. *See Abney v. United States*, 431 U.S. 651, 662 (1977).

We exercise plenary review over claims of double jeopardy. *United States v. Aguilar*, 849 F.2d 92, 95 (3d Cir. 1988).

## III. Discussion

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Double jeopardy attaches when it is "shown that the two offenses charged are in law and in fact the same offense." *United States v. Felton*, 753 F.2d 276, 278 (3d Cir. 1985). A defendant is entitled to a pre-trial evidentiary hearing if he makes a non-frivolous showing of double jeopardy. *United States v. Liotard*, 817 F.2d 1074, 1077 (3d Cir. 1987). Under the totality of the circumstances test, a conspiracy defendant will make a non-frivolous showing by demonstrating that:

> (a) the "locus criminis" of the two alleged conspiracies is the same; (b) there is a significant degree of temporal overlap between the two conspiracies charged; (c) there is an overlap of personnel between the two conspiracies (including unindicted as well as indicted coconspirators); and (d) the overt acts charged and the role played by the defendant according to the two indictments are similar.

*Id.* at 1078 (citations omitted). Once a defendant makes this *prima facie* showing, "the burden of persuasion shifts to the government to prove by a preponderance of the

3

evidence that the two indictments charge the defendant with legally separate crimes." *Id.* at 1077.

Yahsi contends that he has made a non-frivolous showing with respect to each of the *Liotard* factors. Specifically, he argues that 1) for both conspiracies, the location should be broadly construed as Passaic County, 2) the conspiracies would be successive but for a one-month gap, 3) there was an overlap in personnel by someone charged as Hamzah Mustafa in the state case and referred to as Mustafa LNU in the federal case, and 4) selling oxycodone and ecstasy was the common goal of both conspiracies. We disagree.

We find that the defendant has failed to meet his *prima facie* burden. As the District Court explained, the charged conspiracies took place in different locations, there is a one-month gap and thus no temporal overlap between the two conspiracies, there cannot be significant overlap in personnel because only one potentially overlapping individual (besides Yahsi himself) has been identified, and the overt acts cannot be the same since they occurred at different times. The District Court concluded: "In this case, while there are similar elements underlying each conspiracy, there is no significant overlap for the defendant to establish his *prima facie* burden of double jeopardy." We agree and will, therefore, affirm the order of the District Court.[2]

## IV. Conclusion

For the foregoing reasons, we will affirm the order of the District Court.

---

[2] Because we find the conspiracies to be separate offenses, we need not address the issue of dual sovereignty.

4