NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 13-2196

—————————


UNITED STATES OF AMERICA

v.

BAHADIR YAHSI,

Appellant


—————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-11-cr-00353-001)
District Judge: Honorable Jose L. Linares

—————————

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2013

Before:  AMBRO, and SMITH, Circuit Judges
and O'CONNOR,[*] Associate Justice (Ret.)

(Opinion filed:   December 11, 2013)


—————————

OPINION

—————————


_____

[*] Honorable Sandra Day O'Connor, Associate Justice (Ret.) for the Supreme Court of the
United States, sitting by designation.

AMBRO, Circuit Judge

## I.

Appellant Bahadir Yahsi is a Turkish citizen living in the United States.  From 2009 until his arrest in 2011, he engaged in numerous drug transactions with a Government cooperator, Mile Petkovski.[1]  In January 2012, a grand jury returned a five-count second superseding indictment charging Yahsi with: conspiracy to distribute and to possess with intent to distribute oxycodone and ecstasy, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; distribution and possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; and three counts of distribution and possession with intent to distribute ecstasy, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2.  The drug trafficking charges are classified as "aggravated felonies" under the Immigration and Nationality Act ("INA") and mandate permanent removal.  *See* 8 U.S.C. § 1182(a)(9)(A); *id.* § 1227(a)(2)(A)(iii); *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1683 (2013).

Yahsi filed a motion to dismiss the second superseding indictment on double jeopardy grounds, arguing that the conspiracy count of the indictment was identical to a conspiracy charged by the State of New Jersey.[2]  The District Court denied the motion,

---

[1] In 2009, Petkovski pleaded guilty to an unrelated conspiracy to distribute ecstasy and agreed to cooperate with the Government.  He subsequently communicated with Ilkay Guner, a former acquaintance and alleged drug dealer, who connected Petkovski with Yahsi.

[2] In December 2010, a New Jersey state grand jury returned an indictment charging Yahsi and 26 other individuals with drug-trafficking offenses, including two counts alleging that, from February through April 2010, Yahsi conspired with others to distribute

and a panel of our Court affirmed on interlocutory appeal. We explained that Yahsi could not meet his *prima facie* burden of making a non-frivolous showing of double jeopardy because

> the charged conspiracies took place in different locations, there is a one-month gap and thus no temporal overlap between the two conspiracies, there cannot be significant overlap in personnel because only one potentially overlapping individual (besides Yahsi himself) has been identified, and the overt acts cannot be the same since they occurred at different times.

*United States v. Yahsi*, 490 F. App'x 476, 477 (3d Cir. 2012). Concluding the conspiracies to be separate offenses, we did not address whether the dual sovereignty doctrine would also preclude Yahsi's claim of double jeopardy.

Following this Court's decision, Yahsi offered to plead guilty, though to misdemeanor offenses rather than to the felonies charged in the second superseding indictment. Through counsel, Yahsi acknowledged the automatic immigration consequences for the felonies charged and sought to plead to lesser offenses to avoid mandatory removal. The Government rejected Yahsi's plea offers. He argues on appeal that, under *Padilla v. Kentucky*, 559 U.S. 356 (2010), the Government had a duty to negotiate in good faith toward a disposition that did not require removal, which it violated by rejecting his plea offers without explanation.

After a December 2012 trial, the jury found Yahsi guilty of all five counts. He next moved for a judgment of acquittal and argued, among other things, that the conspiracy charge in the second superseding indictment violated his double jeopardy

oxycodone and ecstasy in Clifton, New Jersey. *United States v. Yahsi*, 490 F. App'x 476, 477 (3d Cir. 2012).

3

right not to be charged again for the same offense for which punishment had already been imposed. The District Court denied the motion, explaining that our Court previously held that the two conspiracies were separate offenses, and, moreover, as a separate sovereign the federal government was entitled to prosecute Yahsi for offenses arising out of the same events that gave rise to the New Jersey prosecution. Yahsi now renews his argument that the conspiracy charge violates double jeopardy.

In preparation for sentencing, the probation office calculated a Guidelines range of 51 to 63 months. Yahsi challenged this at his sentencing hearing and argues that he deserved a downward adjustment for "acceptance of responsibility," despite going to trial, because he had offered to plead guilty to lesser charges. The District Court rejected this argument, explaining that the Government was not required to "give you the plea you want," and that Yahsi was convicted after a "hard fought trial." The Court imposed a 51-month term of imprisonment. Yahsi appeals that sentence and argues that the District Court erred when it failed to reduce his sentence for "acceptance of responsibility."[3]

## II.

Yahsi first argues that, under the Supreme Court's decision in *Padilla*, 559 U.S. at 374-75, the prosecutor was obligated to plea bargain in good faith toward a plea that did not require removal, or at least explain to the District Court why such a plea could not be reached. Neither *Padilla* nor any other authority imposes such an obligation on prosecutors. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977) ("[T]here is no

---

[3] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial."); *United States v. Santtini*, 963 F.2d 585, 596 n.4 (3d Cir. 1992). While the immigration consequences to Yahsi are significant, the prosecutor was not required to entertain a plea to lesser charges solely because Yahsi would be removed if convicted of the crimes charged in the second superseding indictment.

Yahsi also claims that the conspiracy charged in the second superseding indictment should have been dismissed because it is for the same underlying offense as a prior New Jersey state conviction and violates double jeopardy. The District Court twice rejected this argument, and our Court has also denied the claim on interlocutory appeal.[4] The law is settled that "a federal prosecution arising out of the same facts which had been the basis of a state prosecution is not barred by the double jeopardy clause." *United States v. Pungitore*, 910 F.2d 1084, 1105 (3d Cir. 1990) (collecting cases); *see also Heath v. Alabama,* 474 U.S. 82, 88-89 (1985). Regardless whether the offenses overlap, the state and federal prosecutions here could not give rise to double jeopardy. *See Pungitore*, 910 F.2d at 1105.

Finally, Yahsi contends that the District Court erred in refusing to grant a two-level reduction for "acceptance of responsibility" because he only went to trial after the prosecution refused his plea offer.[5] Section 3E1.1 of the United States Sentencing

---

[4] We exercise plenary review over claims of double jeopardy. *United States v. Aguilar*, 849 F.2d 92, 95 (3d Cir. 1988).

[5] "We review factual findings underlying the denial of a Sentencing Guidelines reduction for acceptance of responsibility for clear error, and reverse only if we are left with a

Guidelines provides that a district court may reduce a defendant's offense level by two levels where he "clearly demonstrates acceptance of responsibility for his offense . . . ." U.S. Sentencing Guidelines Manual § 3E1.1 (2012). Although "[c]onviction by trial . . . does not automatically preclude a defendant from consideration for such a reduction," its application is "rare." *Id.* cmt. n.2. The defendant in those cases typically goes to trial "to assert and preserve issues that do not relate to factual guilt (*e.g.*, to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)," and the district court's determination whether the defendant accepted responsibility is "based primarily upon pre-trial statements and conduct." *Id.*; *see also United States v. DeLeon-Rodriguez*, 70 F.3d 764, 767 (3d Cir. 1995).

The District Court did not clearly err when it determined that this case is not among those "rare" situations where a downward adjustment is warranted. Indeed, the record reflects that Yahsi contested his guilt throughout the trial and during sentencing. Further, as the Court correctly found, Yahsi's offer to plead to offenses lesser than those charged in the second superseding indictment did not demonstrate his acceptance of responsibility for the crimes charged. *See, e.g.*, *United States v. McNeal*, 29 F. App'x 377, 382 (7th Cir. 2002); *United States v. Makes Room For Them*, 49 F.3d 410, 416 (8th Cir. 1995). The District Court was well within its discretion to deny the reduction.

\* \* \* \* \*

As there was no error by the District Court, we affirm.

definite and firm conviction that a mistake has been committed." *United States v. Lessner,* 498 F.3d 185, 199 (3d Cir. 2007).

6